341 So.2d 1286 (1977)
Delores Migues PRADOS, Plaintiff-Appellee,
v.
Allen Lee PRADOS, Defendant-Appellant.
No. 5751.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Daniel L. Regard, New Iberia, for defendant-appellant.
Henry A. Bernard, Jr., New Iberia, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Defendant-in-rule, Allen Lee Prados, has appealed from a trial court judgment increasing the child support paid to plaintiff-in-rule, Delores Migues Prados, on behalf of the minor Shari Lynn Prados from the $50 per month awarded May 7, 1971, to $125 per month, effective May, 1976.
The sole issue on appeal is whether the increase is an abuse of the trial court's discretion. We affirm.
Allen Lee Prados testified that he had paid $50 per month in child support from the time of the original order in 1971 until November of 1975 when he voluntarily started paying $65 per month. He is selfemployed as an electrical contractor and has been for about three years, employing approximately six people. His present wife does all of his bookkeeping; both the business and personal expenses are paid out of the same account. In 1971, at the time of the original award of child support, Prados was disabled and unemployed. His income for that year was between $5,000 and $6,000. He admitted that his financial condition had improved. His 1975 income tax return showed a net profit of $10,555 (Schedule C, line 21) and a gross income of $31,907. Prados and his second wife own a house, on which they pay notes of $136.55 per month. They have one other child, also a girl.
Delores Migues Prados, now Mrs. Thibodeaux, testified that Shari's expenses have substantially increased because she is now seven years old and in school. The listed expenses for the child show an estimated monthly total of $270. Plaintiff and her present husband, Kenneth Thibodeaux, have no children and live in a trailer, on which they pay notes of $106 per month. The child's rent, food and utility bills were estimated at one-third of the total: $36 for rent; $80 for food; and $28 for utilities. Doctor's bills of $12.50 per month were attributed to Shari's allergies, which require a *1287 specialists treatment. The allergy medication costs $15 per month. Mrs. Thibodeaux did not have any receipts to establish Shari's monthly expenses, which were estimated. She has operated a beauty shop since February of 1976 but testified that, at present, all of her income from the shop goes into expenses. She previously earned from $45 to $65 per week working for someone else. Mrs. Thibodeaux does not have any help. She testified that she had agreed to pay her attorney a fee of $250, but the court did not award her this amount.
Kenneth Thibodeaux testified that his take-home pay is $850 to $875 per month.
The present Mrs. Prados testified that her husband's business grossed $11,805.58 in the first quarter, but $12,303.39 was paid out in expenses, both business and personal. Among the business expenses listed for the first quarter are a workmen's compensation premium for the entire year of $598 and $400 for purchase of a second-hand truck, both nonrecurring expenses. Mrs. Prados' automobile is owned by the business and the business expenses include miscellaneous of $743.60 and lunch money of $225. The gasoline expense of $330.21 undoubtedly includes that for Mrs. Prados' automobile. Personal expenses for the three of them were estimated at $631.52 per month. Their child is 18 months old. In addition, $65 per month is paid for Shari's support, plus $9 per month for dancing lessons, premiums of $1.51 per month on a burial policy, premiums of $5.49 per month on an insurance policy insuring Mr. Prados payable to Shari, and hospitalization insurance for Shari of $4.70 per month.
There has been a clear change in Mr. Prados' circumstances since the original award, when he was disabled and unable to work, whereas he is presently operating a profitable business. Shari's expenses as a school student have materially increased over those she had as an infant. Although the testimony of the various parties and their estimates of income and expenses do not give a clear financial picture, the increase from the $65 per month Mr. Prados had been paying to $125 per month is not unreasonable. LbA-CO. art. 231 provides for alimony in proportion to the needs of the one requiring it and the circumstances of the one paying it. Children of divorced parents residing with their mother are entitled to the same standard of living that they would have if they resided with their father. Ducote v. Ducote, 339 So.2d 835 (La., 1976). It is virtually impossible to determine Mr. Prados' income in this instance because of the co-mingling of his personal and business expenses. The record indicates that Mr. and Mrs. Prados' monthly personal expenses may exceed the $631.52 to which she testified, since many of their living expenses are attributed to the business. His financial situation has certainly improved substantially since 1971. An increase of $75 per month from the previous award for the support of the minor is not an abuse of discretion.
Mrs. Thibodeaux testified that her beauty shop does not presently operate at a profit. She performs all the everyday services required for Shari's care and thereby contributes to her support. Ducote v. Ducote, supra.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs are assessed to defendant-in-rule-appellant, Allen Lee Prados.
AFFIRMED.