411 So.2d 1156 (1982)
Mary Ruth CASTILLE
v.
Robert Ross BUCK.
No. 14586.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
*1157 Melanie A. Kleinpeter, Baton Rouge, for plaintiff-appellee Mary Ruth Castille.
Lee Herrington, Jr., Baton Rouge, for defendant-appellant Robert Ross Buck.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
This is a rule for child support filed in Family Court for East Baton Rouge Parish by Mary Ruth Castille against her former husband, Robert Ross Buck. A judgment of separation between the parties was rendered in the Fifteenth Judicial District Court for the Parish of Lafayette on September 19, 1978. In that judgment the wife, Mrs. Castille, was awarded custody of their minor child, Michelle Leigh Buck, who was the parties' only child. On June 25, 1979, the husband, Mr. Buck, was ordered to pay $150.00 per month child support.
Judgment of divorce was rendered by the Family Court for East Baton Rouge Parish on September 29, 1980. This judgment made no mention of child support.
The Family Court in the proceeding from which the present appeal was taken treated the matter as a trial de novo to fix child support after divorce, rather than as a trial on a rule to increase child support. In so doing it acted properly. A judgment for child support rendered in a separation proceeding before divorce becomes merged with the divorce decree, and by that merger becomes no longer effective. Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir. 1967).
The trial court, after properly treating the matter as a trial de novo to fix child support after divorce, ordered Mr. Buck to *1158 pay $500.00 per month child support in semi-monthly installments of $250.00, payable the first and fifteenth of each month commencing March 1, 1981, and in addition, medical and prescription drug expenses for the minor child resulting from illness or accident. The defendant in rule, Robert Ross Buck, has appealed to this court. For reasons set forth below, we view the award of the trial court as being excessive, and reduce child support to $400.00 per month, and drug and medical expenses.
Notwithstanding the timely request of appellant, the trial judge did not give written findings of fact and reasons for judgment. This failure of the trial court is unfortunate because although it gave oral reasons for judgment, the reasons are rambling, and difficult to follow. The trial court in general used the figures supplied by Mrs. Castille, deleting certain items, such as religious contributions made by the child, insurance and taxes. Furthermore, although we recognize the calculation of child support cannot be done by strict mathematical formula (see Fall v. Fontenot, 307 So.2d 779 (La.App. 3d Cir. 1975)), the amount of child support awarded does not coincide with the figures recited and employed in the oral reasons for judgment, even if we take into consideration the custodial parent's equal duty of support. The award of the trial court is much larger in amount than the award indicated by the figures it employs, and it is clear that the trial court used Mrs. Castille's figures, which were obviously inflated.
Mr. Buck is employed as Director of Trade and Industrial Education by the State Department of Education at a salary of $30,608.00 per annum. He has a money market certificate in the amount of $39,000.00 from which he receives the sum of $2,868.00 a year as interest. Mrs. Castille is also employed by the State Department of Education at an annual salary of $28,296.00 per annum. Thus the incomes of the former husband and wife are roughly the same.
The former wife, Mrs. Castille, as custodial parent has the usual parental duties of the custodial parent, which, in the case of the mother, as was stated in Ducote v. Ducote, 339 So.2d 835 (La.1976), involve "preparing meals, washing clothes, providing transportation, furnishing care and guidance, and performing all the day-to-day services that are demanded of a mother."
Parents share the duty of supporting their children, and the burden to be imposed upon each, if each is equally able to meet that duty, is equal. LSA-C.C. art. 227, Graval v. Graval, 355 So.2d 1057 (La. App. 4th Cir. 1978). However, as was stated in Ducote, part of the duty of the custodial parent who is not employed is met by caring for the child in the ways given in the above quotation, so that the custodial parent is entitled to receive substantially more than one-half of the total sum required to support the child. However, where the custodial parent as well as the non-custodial parent is employed at a substantial salary, then, as noted in Graval, the circumstance is quite different, and although the custodial parent is entitled to some consideration for fulfilling the parental duties of caring for the child on a day-to-day basis, the amount the non-custodial parent is required to furnish is reduced to approximately more nearly one-half of the total amount of money needed to support the child. The trial court briefly alluded to these principles of law in its oral reasons for judgment, but failed to apply them to the facts. In so doing, it was guilty of a clear abuse of discretion. Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir. 1973), Frazier v. Frazier, 318 So.2d 625 (La.App. 2d Cir. 1975).
The minor was ten years of age at the time of the rule for child support after divorce. The testimony indicated that she is a gifted child, and that her name has been entered on the waiting list of a private school in Baton Rouge. However, she is not now a student of that school. She is accustomed to a good standard of living, which should not be altered if the non-custodial parent has the financial resources to continue that standard of living, as he does in the present case. However, the figures as used by the wife and mother, we feel, are inflated *1159 because they are unrealistic. We find the following represents a proper accounting of the child's expenses, and should enable the child to be maintained at a standard of living she enjoyed prior to the divorce:

"1) Housing ------------------------- $100.00
2) Food & Household Supplies -------- 137.50
3) Clothing ------------------------- 60.00
4) Transportation ------------------- 50.00
5) Utilities ------------------------ 50.00
6) Laundry -------------------------- 9.00
7) Personal & grooming necessities -- 10.00
8) Educational expense -------------- 21.92
9) Reading materials ---------------- 4.00
10) Child care ---------------------- 40.00
11) Lessons and music --------------- 30.00
12) Special events ------------------ 20.00
 _______
TOTAL MONTHLY EXPENSES
 ATTRIBUTABLE TO CHILD ------------- $532.42"

We recognize it is practically impossible to allocate between the custodial parent and child the costs of food, transportation and shelter to a mathematical certainty. See Fall v. Fontenot, supra. However, in view of the fact that Mrs. Castille apparently spends more money for these items than her present salary would justify, we find the sums given above represent the amount for these items attributable to the child.
Mrs. Castille as custodial parent is entitled to somewhat more than one-half of the total monthly expenses of the child under the circumstances of this case. That sum, we find should come to $400.00 per month, plus medical and prescription drug expenses.
Therefore, the judgment of the trial court is amended to order Mr. Buck to contribute $400.00 per month for the support of the minor child, Michelle Leigh Buck, payable in semi-monthly installments on the first and fifteenth of each month, and in addition to pay all medical and prescription drug expenses of that child arising from accident or illness. Costs shall be divided equally between the parties.
AMENDED AND AFFIRMED.