452 So.2d 420 (1984)
Beverly Ann LAPORTE, Plaintiff-Appellee,
v.
William Reed HOWELL Defendant-Appellant.
No. 83-777.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*421 Edwards, Stefanski & Barousse, J. Michael Stefanski, Crowley, for defendant-appellant.
Roy & Hattan, L. Lane Roy, Lafayette, for plaintiff-appellee.
Before GUIDRY, LABORDE, and KNOLL, JJ.
KNOLL, Judge.
This is an appeal from a trial court judgment terminating alimony payments from William Reed Howell to Beverly Ann Laporte, reducing child support payments for the minor child to $500 a month, and awarding $200 a month for the support of Patricia Lynn Howell, a major child who intervened in this lawsuit.
Howell appeals arguing that the trial court erred (1) in awarding $500 monthly child support for his minor child; and, (2) in awarding $200 monthly support for his major child.
Laporte has answered the appeal contending that the trial court erred in terminating her alimony payments. We affirm in part; reverse in part and render.

FACTS
William Reed Howell and Beverly Ann Laporte (her maiden name) were divorced on November 20, 1978. At the time of their divorce, alimony and child support for their three minor children were set at $3,100. The three minor children were Lisa, Patty and Dana. On March 27, 1980 a judgment was rendered setting the alimony at $250 a month and child support at $1,350 a month. In December 1981 Lisa, the oldest daughter, was married and moved out of her mother's home. Patty became eighteen years of age in October 1982 and began college at the University of Southwestern Louisiana in August of 1982. When the original alimony award was made Beverly Laporte was unemployed. In December of 1979 she began working as *422 a secretary for a district court judge. Her monthly salary has increased from $600 to $1,500. Patty is attending college and has a part-time job with a Lafayette law firm as a secretary/receptionist. William Reed Howell is a licensed physical therapist. Beginning in 1977 his income has steadily decreased from approximately $50,000 a year to $20,000 a year due to alcoholism which has debilitated him.

PERMANENT ALIMONY A spouse who seeks the modification of an alimony award must show a change in circumstances of one of the parties from the time alimony was fixed. Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983); Ducote v. Ducote, 339 So.2d 835 (La.1976); Cromwell v. Cromwell, 419 So.2d 974 (La.App. 3rd Cir.1982); Lynn v. Lynn, 430 So.2d 363 (La.App. 3rd Cir.1983), writ denied 434 So.2d 1094 (La.1983).
In the present case, Howell has successfully met his burden of proving a change in circumstances that justify a termination of alimony. Laporte is now gainfully employed and is able to provide for herself. Two of the children have attained the age of majority. Conversely, Howell's income and his overall circumstances have declined due to his gross alcoholism.
Laporte's assets include the family home which rests on approximately three acres of land. This home is encumbered by a $30,000 mortgage and has an estimated value of between $100,000 and $130,000. Her monthly note is $376.41.
Laporte further owns six acres of woodland in Vermilion Parish which she inherited from her mother. She sold a lot located behind the family home for $22,000 and a parcel of inherited land for $12,000. She owns a 1977 Cougar automobile and a 1977 Chevrolet Chevette which her daughter, Patty, uses at college. She also sold several shares of stock in Gulf Coast Bank which netted her $5,000.
Alimony after divorce is awarded to a spouse only if that spouse proves that she or he has insufficient means for her/his maintenance. Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir.1981). In determining the needs of the claimant spouse reasonable costs of food, clothing, shelter, utilities, transportation, medical care, household expenses, as well as tax liability generated by alimony payments are considered. Ducote, supra; Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), writ denied 404 So.2d 278 (La.1981).
Laporte listed her monthly expenses as $3,107.40. These expenses, however, included items which went beyond maintenance, e.g., cable television, a phone for the children, entertainment, and pool repair. She also admitted that this figure included substantial contributions to the support of the two major daughters, e.g., food, clothing, transportation, and monetary contributions for Patty's living expenses, together with cash gifts to the oldest daughter, Lisa, who is married. The needs of major children should have no influence in determining a spouse's need for alimony. Green, supra.
At the time alimony was first fixed Howell was a licensed physical therapist who had worked in Abbeville for 15 years. His income was approximately $50,000. Beginning in 1977 Howell's acute alcoholism has adversely effected his income. In 1978 his gross income was $50,338; in 1979 it was $35,000; in 1980 it was $19,745; and in 1981 it was $19,205. He is living in a remodeled barn on his sister's property. His sister has paid his alimony and child support since August of 1981.
The evidence clearly demonstrates that Beverly Laporte no longer needs alimony and, under LSA-C.C. Arts. 160 and 232, she is no longer entitled to it. We therefore affirm the trial court's termination of permanent alimony.

CHILD SUPPORT
On March 27, 1980 the trial court awarded Laporte $1,350 for the support of her three minor daughters. There is now only one minor child living with the mother.
*423 Any modification of the divorce judgment for child support must be predicated on a change in circumstances of one of the parties, and the litigant has the burden of proving a change in circumstances. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir.1983). The trial judge is given great discretion in either granting or modifying awards of child support and his judgment will not be set aside unless a clear abuse of that discretion is shown. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982).
The attainment of majority by two of Howell's daughters justified a reduction of monthly child support payments. Howell contends that the trial court erred in not further reducing his child support payments.
Dana, Howell's only remaining minor child, is fifteen years of age and attends Vermilion Catholic High School. Her school tuition is $100 a month. Because of her growing needs, her expenses are greater than they were when child support was last set.
Howell argues that Laporte is in a better financial position to meet the needs of support to Dana. Laporte has the burden of the day-to-day costs of providing a home, care, and supervision for her daughter. Her parental obligation to support her daughter under LSA-C.C. Art. 227 has been well-fulfilled. See: Johnson v. Johnson, 432 So.2d 1140 (La.App. 3rd Cir.1983); Chaffee v. Chaffee, 398 So.2d 1169 (La. App. 2nd Cir.1981).
In this instance we do not find that the trial court has abused its discretion in setting Howell's child support obligation for Dana at $500 per month.

SUPPORT OF MAJOR CHILD
Howell complains that the trial court erred in finding that he had entered into an oral contract to support his major child, Patty, while she attended college and fixing her child support at $200 per month.
The trial court found that a contract was established from the following testimony:
[Questions propounded to Patty]
"Q. Okay. Did your father ever tell you in the past, Patty, that he wanted you to go to college?
A. Yes.
Q. Did he always encourage you to go to college?
A. Yes, sir.
Q. Was that always one of his ambitions for you, in fact, and your sisters?
A. Yes, sir."
[Questions propounded to William Reed Howell]
"Q. Okay. Reed was it always your intention your children should go to college? Didn't you in fact tell them that?
A. Very definitely.
Q. And I suppose you're satisfied Patty is going to college?
A. Very definitely.
Q. It is still your wish she should continue on in school?
A. Very definitely.
Q. Continue at USL and earn her degree?
A. Very definitely.
Q. And you knew that she she was in school:

A. Yes."
The trial court then concluded:
"... the circumstances surrounding the education of Ms. Howell suggests that she and her father entered into an innominant [sic] contract by which she agreed to go to college and he agreed to pay her expenses ...."
We find the record does not support that an innominate contract was established between Patty and her father. The evidence supports a finding of a precatory request rather than a contract for the support of a major child.
Accordingly, the judgment of the trial court ordering William Reed Howell to pay child support at the rate of $200 per month *424 for the support of his major child, Patty, is hereby reversed and set aside.

DECREE
For the foregoing reasons the judgment of the trial court in favor of William Reed Howell denying alimony to Beverly Ann Laporte is hereby affirmed. The judgment in favor of Beverly Ann Laporte awarding child support for the minor, Dana Howell, is hereby affirmed. The judgment in favor of the major child, Patricia Lynn Howell, an intervenor to this law suit, for child support is hereby reversed.
All costs are assessed equally against Beverly Ann Laporte and William Reed Howell.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.