461 So.2d 1184 (1984)
Valerie Pye DICKINSON, Plaintiff-Appellant,
v.
Peter Charles DICKINSON, Defendant-Appellee.
No. 83-1089.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Rehearing Denied January 15, 1985.
Writ Denied March 22, 1985.
*1185 Paula Kobetz Woodruff, Lafayette, for plaintiff-appellant.
J.N. Prather, Lafayette, for defendantappellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
KNOLL, Judge.
Valerie Pye Dickinson appeals a judgment in favor of Peter Charles Dickinson, decreasing child support for their two minor children in the sum of $1500, which was a lump sum payment in addition to monthly child support payments. The trial court did not decrease the monthly child support payments, but terminated the additional lump sum payment since Mrs. Dickinson used this lump sum payment to take the children to England every third year.
Mrs. Dickinson contends the trial court committed error in refusing to increase child support, and by reducing child support since Mr. Dickinson did not meet his burden of showing a change in the needs of the children or his ability to pay. We amend and affirm, finding the record does not support a sufficient change of circumstances to alter the original child support award.

FACTS
The parents of Valerie Dickinson and Peter Dickinson live in England. Valerie Dickinson and Peter Dickinson were married in London, England in July 1965. During their marriage, two children were born, namely Janette Susan and Michael Peter, ages fourteen and twelve respectively. Valerie Dickinson and Peter Dickinson were judicially separated in September *1186 1977 by means of a default proceeding in favor of Valerie Dickinson, which incorporated the terms of a consent agreement between the parties. The judgment, based on the consent agreement, granted Valerie Dickinson the permanent care, custody and control of their two children and child support at the rate of $600 per month, plus an annual lump sum child support payment of $1500. The divorce was granted in January 1979, and incorporated the same child support provisions as mentioned in the judgment of separation.
In February 1983 Valerie Dickinson filed a rule for an increase in child support from $600 to $925 per month, for contempt of court, and for past due child support. Peter Dickinson reconvened, filing a rule for a decrease in child support. The matters concerning contempt and past due support were resolved before the hearing.

CHILD SUPPORT
The law and jurisprudence applicable to the case at hand are set forth herein. LSA-C.C. Art. 227 imposes upon the parents a mutual obligation of support, maintenance and education of their children. The amount of support is determined according to the needs of the children as well as the circumstances of those who are obligated to pay it. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782 (La. 1980). The trial court is vested with much discretion in fixing the amount of child support and such award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in its factual appreciations. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir. 1983). Children should enjoy the same standard of living they would have if they resided with the noncustodial parent. Updegraff v. Updegraff, 421 So.2d 1165 (La. App. 2nd Cir.1982); Prados v. Prados, 341 So.2d 1286 (La.App. 3rd Cir. 1977). Children of separated or divorced parents are entitled to be maintained in the same manner as before the separation or divorce. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983).
Agreements and judgments involving child support are always subject to modifications in accordance with the circumstances, regardless of language to the contrary. Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983). Inasmuch as child support awards are not permanent, courts can modify an award for such support where there is demonstrated a change in the needs of the children or in the ability of the father to pay. Norred v. Norred, 306 So.2d 799 (La.App. 2nd Cir. 1975); Pettitt v. Pettitt, 261 So.2d 687 (La. App. 2nd Cir.1972); Bell v. Bell, 269 So.2d 270 (La.App. 3rd Cir.1972). It is well settled that the party seeking to modify a judgment awarding child support bears the burden of showing that there has been a change in circumstances of one of the spouses. Laporte v. Howell, 452 So.2d 420 (La.App. 3rd Cir.1984); Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writs denied, 438 So.2d 1111 (La.1983). A consent judgment of alimony or child support is not subject to modification unless a change of circumstances supporting the modification is proved. The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Howell, supra.
Where the current needs of the support obligee are determined from competent evidence, and it is shown that the support obligor has the ability to meet those needs because of increased earnings, this showing may be legally sufficient to warrant an increase in the support award. Jordan, supra. The earnings of a parent's second spouse constitute a community asset and is to be considered in determining the amount of child support. Marcus v. Burnett, 282 So.2d 122 (La.1973).
In the instant case, Valerie Dickinson contends that she is entitled to an increase in child support because there has been an increase in both the needs of the children and Peter Dickinson's ability to pay. The record contains no evidence to show what the children's needs were at the time of the divorce decree to compare with *1187 the children's present needs. Although Valerie Dickinson established a substantial increase in Peter Dickinson's income, she failed to carry her burden of proving the current needs of the children. Therefore, we find the trial court correctly denied Valerie Dickinson's rule for an increase in child support.
Valerie Dickinson further contends that the trial court erred in decreasing child support for the two minor children by terminating the annual $1500 lump sum child support payments. We agree. These payments were made subject to an agreement between Valerie Dickinson and Peter Dickinson, and incorporated in the judgment of separation. Instead of paying $725 per month child support, Peter Dickinson chose to pay $600 per month plus an annual lump sum of $1500 because he received funds at the end of the year from his business, "The After Dark."
The record establishes that Valerie Dickinson, in compliance with the verbal agreement she had with Peter Dickinson, took the children to England once every three years to visit with both sets of grandparents at a cost of $4500 per trip; $4500 prorated over a three year period is $1500 per year. It is undisputed that the children had always gone to England and other places during Peter Dickinson's marriage to Valerie Dickinson, and that Peter Dickinson and Valerie Dickinson verbally agreed that the annual $1500 lump sum payments would be used to finance the children's trips to visit their grandparents in England at least once every three years.
A consent judgment fixing child support may not be modified absent a showing by the party seeking the modification, of a substantial change in circumstances supporting the modification. Howell, supra; Updegraff, supra. Peter Dickinson offered no evidence of a substantial change in circumstances that would support a modification. Further, he made no showing of the children's decreased needs or his decreased ability to pay. On the contrary, there is evidence of a substantial increase in his annual income since the judgment of separation was granted. Furthermore, Peter Dickinson has remarried and his present wife's income is also to be considered in determining his obligation to support children of his first marriage. Marcus, supra. Their combined gross income for 1982 was approximately $53,000 as compared to Peter Dickinson's income in 1979 of approximately $27,000. Valerie Dickinson's present gross income is approximately $24,000 per year. We find that Peter Dickinson failed to carry his burden of proof. Accordingly, the trial court committed manifest error and abused its discretion in decreasing child support.

DECREE
For the foregoing reasons, we amend the judgment of the trial court to reinstate the original child support award. It is ORDERED, ADJUDGED AND DECREED that Peter Charles Dickinson pay unto Valerie Pye Dickinson child support at the rate of $600 per month plus an annual lump sum child support payment of $1500, for the support of the minor children, Janette Susan Dickinson and Michael Peter Dickinson. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellee, Peter Charles Dickinson.
AMENDED AND AFFIRMED.