DOMENGEAUX, Judge.
The appellant- herein contests the trial court’s dismissal of her rule to increase child support. The parties to this case, Patricia Plauché Ledoux and James Allen Ledoux, were divorced on September 30, 1980. The custody of the two minor children of the marriage was awarded to the mother. Pursuant to a stipulation, child support was fixed at $400.00 per month, to *344 be increased to $450.00 per month if Mrs. Ledoux remarried. Mrs. Ledoux contracted a second marriage in 1982 to Raymond Marceaux. Pursuant to the stipulation mentioned above, the child support automatically increased to $450.00.
On April 8, 1984, Mrs. Ledoux (Mar-ceaux) filed a Rule for Increase in Child Support, alleging that circumstances had changed since child support was originally fixed. The evidence presented at the hearing on the Rule by Mrs. Ledoux established the following:
A. The needs of the children have increased to $1,445.95 per month;
B. The mother’s income has increased from $14,000.00 per year to $47,-000.00 per year with the addition of her second husband’s income;
C. The father’s income has increased to $74,000.00 per year and is further supplemented by use of a company car and other fringe benefits.
At the close of the mother’s case, the father moved for a judgment of dismissal.[1] The trial court granted the motion and dismissed the Rule at Mrs. Ledoux’s costs. The record indicates that the judge dismissed Mrs. Ledoux’s Rule to increase child support because she was unable to show the court how much her ex-husband’s income had increased since the original child support award. Apparently the trial judge felt that an increase in child support could not be awarded until the percentage increase of the father’s income was known.
Mrs. Ledoux has appealed the trial court’s dismissal. We find the district judge’s ruling to be in error; therefore, we will reverse the decision of the trial court.
“The proper standard to be applied by the trial court when a motion for judgment of dismissal is filed ... at the completion of the plaintiff's case, is that the trial judge must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence. Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982), writ denied 415 So.2d 952 (La.1982).”
Financial Corporation v. Estate of Frank Cooley, 447 So.2d 594 (La.App. 3rd Cir.1984); La.C.C.P. Art. 1672. In order to answer the issue presented by this appeal, we must first consider whether the appellant has presented a prima facie case.
“LSA-C.C. Art. 227 imposes upon the parents a mutual obligation of support, maintenance and education of their children. The amount of support is determined according to the needs of the children as well as the circumstances of those who are obligated to pay it. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782 (La.1980).”
******
“It is well settled that the party seeking to modify a judgment awarding child support bears the burden of showing that there has been a change in circumstances of one of the spouses. Laporte v. Howell, 452 So.2d 420 (La.App. 3rd Cir.1984); Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writs denied, 438 So.2d 1111 (La.1983).”
******
“The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony.” (Citation omitted.)
Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3rd Cir.1985), writ denied, 465 So.2d 736 (La.1985). The above-quoted language supplies the elements of the cause of action to modify a child support award. To increase the amount of child support, the petitioner must prove both the needs of the children for whose benefit the obli *345 gation was created and the ability of the obligor to pay the amount claimed from him. Included in the latter part of the petitioner’s burden is the necessity of proving a change in circumstances of one of the parties since the date of the original support award.
Evidently, the trial judge was of the opinion that the change in circumstances must also be known quantitatively before a modification of the support order could be had. However helpful such information may be in proving the respondent’s ability to pay support, it is not an element in the petitioner’s burden of proof.
“Where the current needs of the support obligee are determined from competent evidence, and it is shown that the support obligor has the ability to meet those needs because of increased earnings, this showing may be legally sufficient to warrant an increase in the support award. Jordan, supra.”
Dickinson, supra.
We find the appellant has carried her burden of establishing a prima facie case for an increase in child support. The needs of the children were amply proven by Mrs. Ledoux who presented the court with meticulous records documenting the cost of maintaining them. The required showing of a change of circumstances was established on cross-examination of the appellee who admitted that his income had increased since the date of the consent judgment fixing child support. Finally, the appellant produced uncontradicted evidence that the father’s salary is $48,000 per year, supplemented by periodic bonuses based on profits margins, and that Mr. Ledoux earned approximately $74,000.00 during the previous year exclusive of fringe benefits. Mr. Ledoux’s employer also provides him with a company car, contributes to his medical insurance and retirement plans, and has lent him $27,500.00 which is not due unless Mr. Ledoux moves away from New Orleans where he is employed. Wé find it difficult to believe that a father in this financial condition is unable to provide the custodian of his children with one-half of their living expenses, which is all that the mother seeks. Inasmuch as the needs of the children have been established by competent evidence, a prima facie showing made of the father’s ability to undertake the obligation petitioned for, and a change of circumstances judicially admitted, we can see no reason to dismiss the mother’s case. Accordingly, the judgment of the district court must be reversed.
The appellant originally petitioned the district court to order the appellee to pay one-half of the children’s needs. In other words, Mrs. Ledoux seeks to increase child support from $450.00 per month to $722.98 per month. Having found the appellant has proven her case in the court below, we will render judgment accordingly.
For the above and foregoing reasons, the judgment of the district court is reversed, and it is hereby Ordered that the child support previously awarded in the amount of $450.00 per month be increased to the sum of $722.98 per month.
All costs at trial and on appeal are to be borne by appellee.
REVERSED AND RENDERED.
DOMENGEAUX, J., files a special concurring opinion.

. The transcript indicates that the respondent’s attorney moved for a directed verdict at the close of the petitioner’s case in chief. Inasmuch as this case was tried before the judge alone. there was no jury verdict to direct. Properly speaking, the respondent’s motion was one for a judgment of dismissal pursuant to La.C.C.P. Art. 1672.