FORET, Judge.
This is a child support modification dispute. The parties were divorced in 1982 and plaintiff, Dalton Paul LeBlanc, was ordered to pay $400 per month child support for his minor daughter, Tressie Le-Blanc. On June 29, 1983, an amended order was signed by the parties and signed by the judge ordering Dalton to pay the amount of $800 per month for the support f his daughter. Dalton subsequently filed a rule for reduction of child support, which was countered by a rule for an increase by Mrs. Goldie LeBlanc. The rule filed by Goldie prayed for increase of child support, to make past-due child support executory, contempt, and attorney’s fees. By stipulation of the parties, only the rules involving increases or decreases in child support were before the court. The trial court’s judgment relieved Dalton from paying support for his minor child, Tressie, who was 13 years of age at the time of trial in 1984.
Goldie appealed, alleging that the trial court erroneously relieved Dalton from the legal obligation of supporting his minor daughter, Tressie. After reviewing the record, we agree that the trial court erred in eliminating Dalton’s financial obligation toward his daughter.
Seven children were born of the marriage between Dalton and Goldie, only two *1155 of whom remain minors. Each party has custody of a minor child born of this marriage.
There have been significant changes in the circumstances of the two parties. Goldie has remarried since her divorce from Dalton. She and her husband, Gary Boutte, are the owners and operators of Mulatte’s Restaurant in Breaux Bridge, Louisiana. The restaurant is owned by Cajun Restaurant Corporation, whose sole stockholder is Gary Boutte. The Bouttes’ monthly income is approximately $4,000. The restaurant business sales for Mulatte’s have increased almost $82,000 compared to the same period of last year. Goldie drives a 1984 Mercedes Benz and was able to afford two vacations to Jamaica during 1984. The Bouttes’ financial status is one of affluence.
Dalton draws a monthly salary from Derby Realty totaling $1,800 per month. The evidence presented in the trial court reveals that Dalton is a person who is “land rich but money poor.” The record reveals that various businesses he owns are currently reporting losses. He is in arrears on numerous promissory notes. Dalton’s overall financial status is unstable, although he admits to a net worth of 2½ million dollars. Consequently, he filed a rule for reduction of child support from $800 to $200 per month.
The mother and the father are obligated to support their children. Clooney v. Clooney, 446 So.2d 981 (La.App. 3 Cir.1984), and cases cited therein. Both parents owe their children the obligation of support and maintenance. Lanclos v. Aymond, 448 So.2d 877 (La.App. 3 Cir.1984). Parents share the duty of support; if each is equally able to meet such a duty, the burden is equal. Castille v. Buck, 411 So.2d 1156 (La.App. 1 Cir.1982).
Goldie has custody of Tressie, and Dalton has custody of their minor son, Troy. Each parent carries the burden of preparing meals, washing clothes, providing transportation and shelter, furnishing care and guidance, and performing all day-today, services which are demanded of custodial parents. The record reflects that each parent is able to support each child according to the standard of living to which he has been accustomed.
Although a trial judge is given great discretion in granting or modifying an award of child support, he cannot abuse that discretion. Laporte v. Howell, 452 So.2d 420 (La.App. 3 Cir.1984); Morris v. Morris, 413 So.2d 285 (La.App. 3 Cir.1982).
In his rule for reduction of child support, Dalton states:
“... the plaintiff herein does not wish to shirk his responsibility toward the minor child in the custody of defendant herein and moves the court to order a reduction in the child support payments from Eight-Hundred Dollars ($800.00) per month to Two-Hundred Dollars ($200.00) per month.”
He acknowledges an obligation and willingness to support Tressie, and it was error for the trial court to relieve Dalton of such an obligation; the trial court should have ordered support in at least that amount.
For the foregoing reasons, the judgment of the trial court is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Dalton Paul LeBlanc pay to Goldie LeBlanc Boutte the amount of TWO HUNDRED AND NO/100 ($200.00) DOLLARS per month as child support for the minor child, Tressie LeBlanc.
All costs, both in the trial court and of appeal, are assessed against plaintiff-appel-lee, Dalton Paul LeBlanc.
REVERSED AND RENDERED.
HOOD, J., concurs and assigns reasons.