GUIDRY, Judge.
Defendant-in-rule, William R. (Ronnie) Withers, appeals a judgment of the district court in favor of his ex-wife, Earlene Miller Withers, increasing child support payments for each of their two daughters from $150.00 per month to $275.00 per month per child based upon an alleged change in *52 circumstances of the parties and a change in the needs of the children.
Ronnie and Earlene Withers were married in 1966. Two daughters were born of the marriage, Teresa Denise on June 10, 1971, and Misty Renee on August 3, 1974. The parties physically separated in January of 1983, and a suit for separation from bed and board was filed shortly thereafter. The separation suit was never tried on the merits, but in connection therewith, a consent judgment was entered on February 18, 1983, fixing child support at $150.00 per month per child and alimony pendente lite at $150.00 per month.
The parties were divorced by judgment rendered June 25,1984, and signed September 11,1984, on the basis of living separate and apart for more than one year. By consent of the litigants, the following pertinent terms were included in that judgment:
1. Judgment was rendered without the court determining the issue of fault and the parties reserved their right to litigate fault in subsequent proceedings.
2. The amount of alimony and child support agreed upon in the separation suit was to be continued in the same amount and upon the same terms as awarded in the prior suit.
3. In the event of any subsequent rule to modify such awards (as the present rule), the date of February 18, 1983, was fixed as the date from which a change of circumstances was to be shown; and,
4. By terms of a joint custody plan submitted to the court and made part of the judgment, William R. Withers was to maintain health and hospitalization insurance coverage on the two minor children, and could not cancel the coverage without prior approval of the court.
The single issue on appeal is whether there has been such change in the needs of the children and the financial ability of Mr. Withers to respond to those needs as to warrant the increase in child support ordered by the trial court. We affirm the trial court’s finding that there were changes necessitating an increase in child support but amend that increase from a total of $275.00 per month per child to the sum of $200.00 per month child.
As we explained in Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3rd Cir.1984), writ denied, 465 So.2d 736 (La.1985):
“... LSA-C.C. Art. 227 imposes upon the parents a mutual obligation of support, maintenance and education of their children. The amount of support is determined according to the needs of the children as well as the circumstances of those who are obligated to pay it. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782 (La.1980). ... Inasmuch as child support awards are not permanent, courts can modify an award for such support where there is demonstrated a change in the needs of the children or in the ability of the father to pay. Norred v. Norred, 306 So.2d 799 (La.App. 2nd Cir.1975); Pettitt v. Pettitt, 261 So.2d 687 (La.App. 2nd Cir.1972); Bell v. Bell, 269 So.2d 270 (La.App. 3rd Cir.1972). It is well settled that the party seeking to modify a judgment awarding child support bears the burden of showing that there has been a change in circumstances of one of the spouses. Laporte v. Howell, 452 So.2d 420 (La.App. 3rd Cir.1984); Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writs denied, 438 So.2d 1111 (La.1983). A consent judgment of alimony or child support is not subject to modification unless a change of circumstances supporting the modification is proved. The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Howell, supra.” (Emphasis ours).
In 1983, defendant-in-rule, Ronnie Withers, was making a net base salary, as a State Trooper, of approximately $1470.00. He also made, on the average for the year, $214.00 per month in over-time for a gross income of approximately $20,214.00.[1] In *53 1983, Earlene Withers, a secretary, had a a net income of approximately $630.00 per month and received alimony and child support payments totalling another $450.00 per month for an annual income of approximately $12,968.00. By 1986, when this rule was filed, the approximate yearly projected incomes of the respective parties was: Mr. Withers — $23,574.00 and Mrs. Withers— $14,418.00.
During the period 1983 to 1986, Ronnie Withers remarried to a lady with two children from a previous marriage. While this adds to appellant’s financial burden, the law is clear that a parent’s primary obligation is to support, maintain and educate his (or her) child (children) and that such obligation may not be prejudiced by the voluntary assumption of other financial responsibilities. Perez v. Perez, 468 So.2d 18 (La.App. 5th Cir.1985); Goodrich v. Goodrich, 421 So.2d 962 (La.App. 3rd Cir. 1982).
While the record does not support the award of an increase based upon the change in salaries of the respective parents, it does support the award of an increase based upon an inordinate increase in unreimbursed medical expenses for the two children bom to the Withers. The girls’ medical expenses have risen from approximately $850.00 in 1983 to more than $1,400.00 for the first half of 1986.
As this court reiterated in LeBlanc v. LeBlanc, 486 So.2d 1154 (La.App. 3rd Cir.1986), writ denied, 491 So.2d 22 (La.1986):
“The mother and the father are obligated to support their children. Clooney v. Clooney, 446 So.2d 981 (La.App. 3 Cir.1984), and cases cited therein. Both parents owe their children the obligation of support and maintenance. Lanclos v. Aymond, 448 So.2d 877 (La.App. 3 Cir.1984). Parents share the duty of support; if each is equally able to meet such a duty, the burden is equal. Castille v. Buck, 411 So.2d 1156 (La.App. 1 Cir.1982).” (Emphasis ours).
During the same period the mother’s un-reimbursed medical expenses were increasing, the father’s health insurance premium increased approximately $60.00 per month or $720.00 per year.
“Although a trial judge is given great discretion in granting or modifying an award of child support, he cannot abuse that discretion. Laporte v. Howell, 452 So.2d 420 (La.App. 3 Cir.1984); Morris v. Morris, 413 So.2d 285 (La.App. 3 Cir. 1982).”
LeBlanc v. LeBlanc, supra.
Considering all the facts at hand, i.e., the increases in both parents’ income, medical expenses of the children, and medical insurance premiums, we find the 83% increase in child support awarded by the trial judge an abuse of his much discretion. We, therefore, reduce the $275.00 per month per child support awarded by the trial judge to $200.00 per month per child.
Accordingly, for the reasons stated, the judgment of the trial court is amended so as to reduce the award of child support from $275.00 per month per child to $200.00 per month per child. In all other respects, the judgment is affirmed. Costs of this appeal are assessed in equal portions to the parties.
AFFIRMED AS AMENDED.

. We have not included any revenues generated by Trooper Withers for "escort duty” since the *53 frequency of such duty is unpredictable; and, except for 1985, the monies earned from this duty averaged less than $40.00 per month (1983, 1984 and the first three months of 1986).