597 So.2d 1216 (1992)
Susan Marie Berzas SMITH, Plaintiff-Appellant,
v.
Derrell Wayne SMITH, Defendant-Appellee.
No. 90-1094.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Clanton & Johnson, John W. Johnson, Eunice, for plaintiff-appellant.
Thomas F. Fuselier, Mamou, for defendant-appellee.
Before DOMENGEAUX, C.J., and LABORDE, J., and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
This is a rule to increase child support brought by Susan Marie Berzas Smith, plaintiff-appellant, against Derrell Wayne Smith, defendant-appellee. After arguments on the rule, the trial court rendered judgment against defendant raising the basic support obligation from $150.00 per month to $200.00 per month, and ordering him to pay for health and dental insurance on the two minor children. Plaintiff appeals asserting that the trial court failed to properly utilize the guidelines of La.R.S. 9:315, et seq. in its determination of a support award. For the following reasons, we affirm.
Mr. and Mrs. Smith were legally separated on April 21, 1987, with Mrs. Smith obtaining custody of the two minor children. The parties were divorced on June 14, 1988. Permanent support was set at $150.00 a month and Mr. Smith was ordered to provide insurance for the children or pay all their reasonable medical expenses.
On March 21, 1990 the parties returned to court on a rule to increase support. Before the judgment could be signed on the March support rule, another rule to increase was filed and subsequently argued on July 8, 1990. The judgment on the March rule was a stipulation signed by the parties and raising the support obligation to cover the cost of hospitalization insurance. It was signed August 7, 1990. The judgment on the July rule was signed on August 31, 1990 and it raised the basic *1217 support obligation from $150.00 a month to $200.00 a month, and ordered Mr. Smith to pay $70.00 a month for major medical insurance and to also maintain a dental plan for the children. The latter judgment is the subject of this appeal.
The appellant lists five separate assignments of error but these assignments may be considered together. The appellant asserts that the trial court erred because it did not award the recommended support under the guidelines, but instead improperly deviated from it. More particularly, the trial court erroneously considered Mr. Smith's payment of past extraordinary medical expenses, and the cost of dental and health insurance in its decision to deviate from the guidelines. Furthermore, the appellant asserts that the trial court failed to give reasons for its deviations, as required under the statute.
It is a rebuttable presumption that the guidelines set forth the proper amount of support to be paid. La.R.S. 9:315.1(A). The trial court may deviate from the guidelines where it finds their application not in the best interest of the child or inequitable to the parties. If it chooses to deviate from the guidelines it must assign oral or written reasons and make those reasons a part of the record. La.R.S. 9:315.1(B).
The trial court determined that Mr. Smith should pay, in basic child support, $200.00 per month. Appellant contends the child support guidelines indicate that Mr. Smith pay $435.00 a month, based on his monthly gross income of $1,600.00. There is therefore an apparent deviation from the recommended basic child support obligation.
La.R.S. 9:315.1(C) lists certain considerations which may be made by the trial court when it decides to deviate from the guidelines. The list is illustrative, not exclusive, and thus provides the trial court with some discretion in making determinations of child support.
As required, the trial court made its oral reasons for judgment a part of the record. In its reasons the trial court stated that it found the $100.00 a month Mr. Smith paid his father was payment of an extraordinary debt of the community. Mr. Smith was paying his father for money loaned to cover a debt incurred during the marriage of the parties and owed to the I.R.S. The original amount owed was $3,500.00 and Mr. Smith owed, at the time of trial, $1,900.00. As this is one of the enumerated considerations La.R.S. 9:315.1(C), the trial court properly entertained it.
The appellant argues that the trial court improperly included Mr. Smith's payment of health insurance premiums, dental insurance and extraordinary medical expenses in its determination of the basic support obligation. Appellant contends that the statutes specifically mandate that such items are to be added to the basic support obligation, not used to reduce it. While the appellant's understanding of the statute is correct, her perception of the trial court's action is not.
In making its determination of support, the court below discussed the various expenses of Mr. Smith. The reasons reflect the trial court's concern with Mr. Smith's ability to meet his various obligations. La. R.S. 9:315.1(C)(7) allows the trial court to deviate from the guidelines for any other reason where their application would be inequitable to the parties. Thus, it has the discretion of making the determination as to whether or not appellee could meet all of his other obligations and still pay the recommended amount per the guidelines.
Prior to the enactment of the support guidelines, awards of support rested wholly within the discretion of the trial court. The standard of review in support cases was a showing of "abuse of discretion" by the trial court judge. Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3rd Cir.1984), writ denied, 465 So.2d 736 (1985). The support guidelines were enacted to offer the trial court a general foundation on which it could build an award suitable to the individual needs and capabilities of the parties. Thus, the trial court must still retain some discretion so that it may properly apply the support laws to the various factual circumstances that arise from case to case.
The trial court heard all the witnesses and reviewed all the evidence presented at *1218 the hearing. The reasons reflect its belief that Mr. Smith was capable of paying $200.00 a month in child support. The reasons also reflect, and the record supports, a finding by the trial court that the heavy debt of Mr. Smith impaired his ability to pay the amount of support recommended by the guidelines. The reasons further reflect that while the trial court made note of the fact that paying the insurance and medical expenses was a financial burden on Mr. Smith, it nevertheless ordered them paid in addition to the basic support obligation. While there is a deviation from the guidelines, we cannot say that this reflects an abuse of discretion. There was evidence and assigned reasons sufficient to justify the decision. Accordingly, we affirm. Costs of this appeal will be paid by appellant.
AFFIRMED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.