liCULPEPPER, Judge, Pro Tern.
Larry Towell seeks to reduce the $750 per month in alimony that he pays to his ex-wife and the $750 per month child support[1] he pays to his daughter, who is twenty years of age. The trial court denied his request, holding that he failed to show a sufficient change in circumstances to warrant the reduction. Mr. Towell appeals.
FACTS
After fifteen years of marriage, Larry and Glenda Towell separated on September 28, 1986. One child, Kimberly, |2was born of the marriage. Kimberly was born with severe birth defects and suffers from spina bifida. Because of these conditions, Kimberly cannot work or support herself in any manner. She cannot walk. Glenda Towell must stay at home and care for Kimberly at all times. Glenda is therefore unable to work and relies upon alimony payments from Larry for her necessities.
Larry filed a petition for divorce from Glenda on October 27, 1989. Even though Kimberly had reached the age of majority at the time the petition was filed, Larry agreed to continue paying support for her in the sum of $750 per month plus alimony for Glenda in the sum of $750 per month. The judgment of divorce so provides.
*812 Since his divorce from Glenda was granted, Larry has remarried and adopted the three minor children of his new wife. He now alleges as changed circumstances the payment of debts and expenses of Glenda, his increased expenses due to his marriage and adoption of three children and his daughter’s achievement of majority.
Since her divorce from Larry, Glenda has given birth to another child out of wedlock and of whom Larry is not the father.
LAW AND ANALYSIS
The appellant cites as the trial court’s first error the failure to reduce or cancel the child support and its ordering Mr. Towell’s payment of hospitalization insurance for Kimberly. In support of that specification of error, the appellant cites Phillips v. Phillips, 339 So.2d 1299 (La.App. 1st Cir.1976), for the proposition that child support is generally due only to minors. That is true. The “child support” that Mr. Towell pays Glenda Towell for his daughter’s benefit is actually alimony arising under LSA-C.C. Art. 229, and not child support, which is ^provided for by LSA-C.C. Art. 227 and governed by LSA-C.C. Arts. 141, 142, and LSA-R.S. 9:315, et seq.
Under LSA-C.C. Art. 232 the one who pays alimony may sue for a reduction if the one who receives alimony is no longer in need or if the one who pays is no longer capable of paying. Kimberly is clearly in need of alimony. She cannot walk. She cannot support herself and must be cared for by her mother. Her circumstances have not changed since her father was first ordered to pay child support in the amount of $750 per month in the 1987 judgment of separation.
Larry Towell makes in excess of $60,-000 per year. He has remarried and adopted the three minor children of his new wife. His new wife is a nurse. The amount of her income does not appear in the trial record. Mr. Towell’s circumstances have changed. However, because his new wife also has a salary, it is not clear to what extent his financial burden has increased. Further, Mr. Towell’s primary obligation is to support his child and that obligation may not be prejudiced by the voluntary assumption of other financial responsibilities. Withers v. Withers, 511 So.2d 51 (La.App. 3d Cir.1987). Withers involved a child support obligation arising from LSA-C.C. Art. 227. However, the same principle applies to alimony due to major children. LSA-C.C. Art. 232 gives the person who pays alimony the right to seek reduction or discharge of his obligation provided he is “replaced in such a situation that [he] can no longer give.” We read this to mean that the one who pays alimony cannot voluntarily place himself in such a situation and then seek reduction of his alimentary obligation. He must be replaced through circumstances not of his own design.
In an action seeking alimony under LSA-C.C. Art. 229 it is proper to consider the effect adopted children have |4on the ability to pay of the parent from whom alimony is demanded. However, remarriage and adoption do not automatically give a parent the right .to seek the reduction of a preexisting child support or alimony obligation.
Mr. Towell’s second assignment of error is the failure of the trial court to reduce or cancel the $750 per month permanent alimony that he pays to his former wife, Glenda Towell. In support of this assignment of error, Mr. Towell asserts his remarriage and adoption of the three minor children of his new wife as well as the reduction in the living expenses of his former wife and her refusal to seek employment.
The record supports no other conclusion than Ms. Towell must stay at home and take care of Kimberly. Her failure to seek employment is therefore justified.
In her answers to the interrogatories propounded to her by her ex-husband, Glenda Towell listed her total monthly expenses as $1,492.82.[2] Of this, $750 was attributed to the support of Kimberly and $150 was attributed to the support of her other child. This *813 leaves only $594.82 as Ms. Towell’s monthly expenses, $155.18 less than she receives in alimony from Larry Towell. Ms. Towell, in her testimony, explained there were several expenses that she did not know that she was supposed to include in her answers to the interrogatories. The trial court noted there was “some confusion” with respect to Ms. Towell’s living expenses but concluded that Mr. Towell failed to carry his burden of proving that there was a substantial change in circumstances.
A reviewing court must give great deference to a trial court’s determination of whether the spouse has shown a change in circumstances sufficient to modify or terminate an alimony award. Dauphine v. Dauphine, 511 So.2d 53 (La.App. 3d Cir.1987). Such an award will not be disturbed absent a clear abuse of discretion. Dauphine, supra.
Is We agree with the trial court that Larry Towell has not met his burden of proving that there has been a substantial change in circumstances sufficient to warrant either the termination or reduction of alimony.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant, Larry Towell.
AFFIRMED.

. The “child support” payments of which Larry seeks a reduction are actually alimony as is explained, infra.

. In her answer to Interrogatory No. 6, the ap-pellee lists her total living expenses as $1,454.82. However, her answer to Interrogatory No. 5, itemizes her expenses and the total is $1,494.82. This discrepancy is apparently a mathematical error made when the items in Interrogatory No. 5 were totaled.