J^MICHAEL E. KIRBY, Judge.
This appeal arises out of a domestic action wherein a judgment was rendered by the trial court denying a Rule for Contempt for her ex-husband’s alleged failure to pay extraordinary medical expenses for their minor child filed on behalf of the appellant/ex-wife. For the reasons assigned, we affirm in part, reverse in part, and remand.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Margaret I. Brownlow Stretzinger (appellant) filed a Rule for Contempt against her ex-husband, John Treitler (appellee), for his alleged failure to pay extraordinary medical expenses for the minor child, John Treitler, Jr. (BJ). Appellant’s rule asserted that appellee’s obligation to pay the medical expenses stems from a Consent Judgment entered into by the parties on February 16, 2001. The Consent Judgment states:
IT IS ORDERED, ADJUDGED AND DECREED that effective October 1, 2000, John Treitler shall pay to Margaret B. Treitler the sum of $458.00 in basic child support, which includes his pro-rata portion of health, dental and vision insurance premiums. The first payment shall be due on February 28, 2001. Each subsequent payment shall be due on the last day of each month. He shall also pay fifty-seven (57%) percent of all school ^tuition, registration fees, books activity fees and any other *1202 mandatory school-related expenses, which are to be paid within thirty (30) days of written demand and supporting documentation being furnished to him. These school related expenses are to be provided to John Treitler as they occur and the required payments from John Treitler are to be paid on a monthly basis but only for one (1) month’s ex-penséis) at a time. In the event these expense(s) are submitted to John Treit-ler for a period of more than one (1) month he is only required to pay or reimburse said expense(s) for one (1) month at a time, and not the accumulated total.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that John Treitler shall also pay fifty-seven (57%) percent of all extraordinary medical expenses, which are defined by La. R.S. 9:315(3) as being uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems and professional counseling or psychiatric therapy for diagnosed mental disorders.” Payment shall be made within thirty (30) days of receipt of written demand and supporting documentation. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the increased amount of child support, attributable to this judgment which has accrued since the filing of the pending Rule is stipulated to be the total sum of $872.00, and is to be liquidated by the payment of an additional $25.00 per month, starting February 1, 2001, until paid in full, without interest.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party will bear their own attorneys fees and costs associated with the filing and resolution of this Rule and this Judgment.
Specifically, appellant sought reimbursement of 57% of all office visit co-pay amounts, prescriptions co-pay amounts and for the cost of an “ionic air purifier” which appellant claimed was necessary for BJ’s allergies. Appellee opposed the Rule for Contempt, contending that the claimed medical expenses did |3not constitute “extraordinary medical expenses” for which he was obligated under the Consent Judgment and as defined by La. R.S. 9:315 C(3).
On September 5, 2003, the trial court conducted a hearing and took the matter under advisement. On September 10, 2003, judgment was rendered with written Reasons, denying the Rule for Contempt, and finding that the expenses at issue were not extraordinary medical expenses and that the medical treatment rendered was not the result of a single illness or an ongoing condition, as required by the Consent Judgment and La. R.S. 9:315. This timely devolutive appeal followed.

ARGUMENT:

Appellant argues that the trial court erred in finding that the expenses in question were not extraordinary medical expenses. The medical expenses claimed by appellant in her Rule for Contempt were incurred between May 2001 and December 2002, as follows:
1). Sunrise Pediatric Associates (primary care physicians):
Five office visit co-pay amounts, totaling $105.00
Eight prescription co-pay amounts, totaling $200.00
2). Dr Schneider (allergy specialist):
Four office visit co-pay amounts, totaling $120.00
*1203 Eight prescription co-pay amounts, totaling $182.84
Ionic air purifier $543.70
3). Dr. Pool (mental health professional):
Six office visit co-pay amounts, totaling $165.00
Eleven prescription co-pay amounts, totaling $235.94
4). Dr. Osberg and Dr. Applewhite (dermatology):
Six office visit co-pay amounts, totaling $160.00
Eleven prescription co-pay amounts, totaling $195.00
Appellant maintains that BJ has three unusual and ongoing medical conditions: respiratory difficulties (asthma, allergy and sinusitis), dermatological |4problems, and mental health problems. Appellant further argues that these are not conditions that are usually expected for the average child, and they should therefore be considered extraordinary. Moreover, appellant contends that if the out-of-pocket medical expenses exceed the aggregate sum of $100.00 per condition (as they are in this case), the expenses are extraordinary medical expenses and should be treated as such. Finally, appellant maintains that there is no logic or law to justify forcing the custodial parent to bear all out-of-pocket expenses caused by a child’s unusual medical conditions.
In response to this appeal, appellee submits that there is no jurisprudential authority to support the position that insurance co-payments, each less than $100.00, and related to the sporadic treatment of sinusitis, acne, allergies and psychiatric counseling, constitute extraordinary medical expenses under La. R.S. 9:315. Accordingly, appellee maintains that the trial court correctly determined that the expenses at issue were not extraordinary medical expenses and that the medical treatment rendered was not the result of a single illness or an ongoing condition as required by the Consent Judgment of February 16, 2001 and La. R.S. 9:315.

LAW AND ANALYSIS: STANDARD OF REVIEW

A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through Department of Development and Transportation, 617 So.2d 880 (La.1993). In Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), the Louisiana Supreme Court announced a two-part test for the reversal of a fact finder’s determinations: 1). The appellate court must find from the record |Rthat a reasonable factual basis does not exist for the finding of the trial court, and 2). The appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous.

CHILD SUPPORT

Our brethren in the Third Circuit analyzed correctly the history and framework for child support guidelines, La. R.S. 9:315 et seq., and we reiterate:
Prior to the enactment of the support guidelines, awards of support rested wholly within the discretion of the trial court. The standard of review in support cases was a showing of “abuse of discretion” by the trial court judge. Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3 Cir.1984). The support guidelines were enacted to offer the trial court a general foundation on which it could build an award suitable to the individual needs and capabilities of the parties. Thus, the trial court must still retain some discretion so that it may properly apply the support laws to the *1204 various factual circumstances that arise from case to ease.
Smith v. Smith, 597 So.2d 1216, 1217 (La. App. 3 Cir.1992).
La. R.S. 9:315.5 provides, “[b]y agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation. “Extraordinary medical expenses” are statutorily defined in La. R.S. 9:315 C(3) as “uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders.”
According to the statutory language, it is clear that the legislature intended for the parents to be responsible for the “reasonable and necessary” costs of those medical illnesses or conditions of their children which were not covered by insurance and which total more than $100 for a single illness or condition.
| ^However, the child support statutes do not specifically address non-covered medical expenses, for example, deductibles and percentages of charges borne by the patient. Neither does R.S. 9:315 C(3) deal with the accounting problem of cumulation. Nevertheless, when viewing the child support framework as a whole, a continuing co-payment, e.g. due to a chronic illness, is more properly reflected in the monthly child support payments, rather than under “extraordinary medical expenses.” For, if a series of co-payments can be cumulated over the period of greater than a month, then the statute dealing with such extraordinary medical expenses has no meaning because we can envision few expenses when cumulated over a year that would not exceed one hundred dollars.
In the present case, the parties entered into a Consent Judgment to establish their respective liabilities concerning the support of their child. On the issue of medical expenses, they chose to follow the exact language of La. R.S. 9:315 C(3). The Consent Judgment could have specifically provided for appellee to assume his 57% share of those expenses not covered by insurance, but the parties chose not to do so. The Consent Judgment therefore limits appellee’s responsibility to only extraordinary medical expenses as defined by the statute.
We have found no legal authority to support appellant’s position that co-pay amounts and deductibles, once accumulated over $100.00, are to be considered extraordinary medical expenses pursuant to R.S. 9:315. The judgment of the trial court is consistent with this position, and we find no error in that ruling. Moreover, the Consent Judgment, when read in its entirety specifically mentions in the preceding paragraph that health insurance premiums and school-related expenses are to be paid on a monthly basis and that he “is only required to pay or reimburse said expense(s) for one (1) month at a time, and not the accumulated |7total.” Had Ms. Treitler intended to alter this agreement in the following paragraph to allow for cumulation she could have negotiated for it.
As to the issue of the ah- purifier, we do find error on the part of the trial court. The evidence presented clearly demonstrated that this device was reasonable and necessary in the treatment of BJ’s condition. BJ was diagnosed with asthma and significant dust allergies. Dr. Schneider prescribed an air purifier; and appellant testified that she purchased the type that Dr. Schneider recommended and that she purchased this particular air puri- *1205 fíer because she thought it was the best one for BJ’s condition. The record reveals that appellant sought reimbursement from appellee by certified mail and through her attorney. Accordingly, appellee is hereby required to reimburse appellant for 57% of the cost of the air filter. We remand to the trial court to determine whether or not appellee’s failure to pay his share of the air filter was in contempt of the Consent Judgment. If the trial court deems contempt exist, then an assessment of costs against appellee should be made.

CONCLUSION:

For the foregoing reasons, we affirm the trial court’s ruling that the co-pay amounts sought by appellant were not extraordinary medical expense for which appellee could be held responsible. We reverse the. trial court’s ruling that the air purifier was not an extraordinary medical expense; and, remand to the trial court for a determination of whether or not appellee was in contempt for not contributing to that expense. Accordingly, this matter is remanded to the trial court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ARMSTRONG, C.J., respectfully concurs in the result.