293 So.2d 258 (1974)
Mrs. Billie PORTER, Plaintiff and Appellant,
v.
Lavelle COOLEY, Defendant and Appellee.
No. 4485.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1974.
Mitchel M. Evans, DeRidder, for plaintiff-appellant.
Lavelle Cooley, in pro. per.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
The plaintiff mother seeks an increase in child support to the sum of $200 per month for her 13 year old son. The defendant *259 father reconvened requesting that the child support be terminated. The district judge terminated child support payments as of December 8, 1972, the date plaintiff filed her original petition. The plaintiff mother appealed.
The sole issue on appeal is whether the trial judge erred in terminating child support payments by the father.
The general facts are that plaintiff and defendant were divorced in June of 1965. The mother was awarded custody of the two children, Timothy Cooley, who is now 13 years of age, and Wiley Cooley, who became 18 years of age on November 19, 1971. In the judgment of divorce, the father was ordered to pay $100 per month for the support of the two children.
In February of 1969, the oldest child went to live with his father who extrajudicially reduced his child support payments to $50 per month. Neither the custody nor child support provisions of the 1965 judgment were changed at the time.
The unpaid child support has been satisfied and is not at issue on appeal. The oldest child became 18 years of age on November 19, 1971. Under the 1972 amendment to LSA-C.C. Article 37, he is now fully emancipated. No issue is presented as to whether he is entitled to support from either parent under LSA-C.C. Article 227 or 229. Thus, the sole issue is child support for the 13 year old minor who is now in the custody of his mother.
At the trial, the plaintiff mother testified that after her divorce from Cooley she married a Mr. Porter, from whom she is now divorced. She is now living in a home with her minor son. She itemized living expenses for herself and Timothy at $1,248 per month. Her income from employment as a tax accountant is about $700 a month, of which about $500 a month is "take home pay". She contends she needs $200 per month child support from the defendant father for Timothy.
Mr. Cooley testified that he earns about $1,000 per month but his take home pay is only about $625 per month, after deductions for taxes, insurance and payments on a credit union note. He remarried and has to support his wife and three children by his second marriage.
Both fathers and mothers have an obligation to support and educate their children, LSA-C.C. Article 227. The amount of the child support must be in proportion to the wants of the child and the circumstances of those who are to pay it, LSA-C.C. Article 231.
In the recent case of Marcus v. Burnett, La., 282 So.2d 122 (1973) our Supreme Court held that where the child is in the custody of the mother and the father has remarried, the expenses of the second marriage of the father may be considered as one of the circumstances in determining his ability to pay child support for the child of the first marriage.
We conclude the trial judge erred in terminating all child support by the father for his minor son, Timothy. Under all of the circumstances, a total of $100 per month for the support of the child is reasonable. Of course, the mother has an income and is obligated to bear a portion of this support obligation. But the father is also obligated to support his child. We think it is reasonable that the father and the mother share equally the obligation to support this child, which means that the father must pay $50 per month.
For the reasons assigned, that portion of the judgment appealed which discontinues child support payments by the father is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of Mrs. Billie Porter ordering the defendant, LaVelle Cooley, to pay to plaintiff the sum of $50 per month for the support of the minor child, Timothy Cooley, these payments to begin as of the date this judgment is rendered.
Reversed in part and rendered.