WATSON, Judge.
Alimony pendente lite for the plaintiff wife, Deborah Sue Norris Ransonet, and child support for one minor child was fixed at $450 per month and subsequently decreased to $350 per month after a rule hearing initiated by the defendant husband, Edwin Irvin Ransonet. The wife has appealed from the reduction, contending that there was no change in circumstances between the initial judgment, August 8, 1975, and the filing of the rule to decrease the payments three weeks later on August 27, 1975, citing Bernhardt v. Bernhardt, 283 So.2d 226 (La., 1973). The husband contends that the reduction was based on a factual finding of a decrease in his income.
The issue is whether there is manifest error in the trial court’s reduction of the amount of child support and alimony.
The defendant husband testified that he was working for the same company and making the same wage at the time of the hearing on reduction, September 5, 1975, and at the time of the initial judgment, August 8, 1975. However, he said his total income as a crane operator had decreased because he was no longer making overtime. The initial judgment was consented to by the husband and his then attorney, and the husband understood that he was to pay $450 per month. In the brief interim between the first judgment and the rule proceeding, he failed to do so and was jailed for contempt of court. Check stubs were introduced in evidence showing his income for three weeks in August, a gross of $783.75 and a net of $630.02. The trial court said the husband’s income had been reduced from $1,250 per month to $922.56 a month. The $1,250 was the judge’s “recollection” (TR. 53) of the basis for the prior judgment. The attorneys refused to stipulate to that amount.
There is manifest error in the trial court’s conclusion that the husband showed a change in his circumstances during the period between August 8, 1975, and August 27, 1975. The husband was represented by counsel at the time the initial amount was set. He testified that he understood the terms of the agreement with his wife forming the basis for that judgment. There is no evidence in the record of the previous judgment being based on an income of $1,250 per month. Even if the husband’s income has been substantially reduced by lack of overtime, three weeks is not sufficient to show a change in his circumstances. The trial court found an average income of $922.56 a month on the basis of three weeks work, but a proper assessment of the husband’s earnings would require a -more complete record over a longer period of time.
The wife here is unemployed, although she stated she was looking for work. The necessities of life for her and the child are itemized and total $451.84 a month. While the amount of alimony pendente lite and child support appears high in relation to the means of the husband, the husband consented to pay the amount fixed and it is not subject to reduction unless a change of circumstances is shown. The record reveals that the husband paid nothing at all until put in jail and that he came back into court three weeks after the initial order with a new attorney.
While we are reluctant to reverse a trial court in such a matter, the initial judgment should not have been changed on the evidence presented.
For the foregoing reasons, the judgment of the trial court herein is reversed, and
It is ordered, adjudged and decreed that defendant, Edwin Irvin Ransonet, be or-
*511 dered to pay the sum of $450 per month alimony and child support to plaintiff, Deborah Sue Norris Ransonet, payments to be made in the amount of $112.50 on Monday of each week, as originally fixed.
All costs are assessed against defendant-appellee, Edwin Irvin Ransonet.
Reversed and rendered.