CULPEPPER, Judge.
The defendant father appeals that portion of a judgment of divorce which orders him to pay to the plaintiff mother the sum of $450 per month for the support of their two minor children, who are respectively one and five years of age.
The father’s principal argument is that at the time of the previous judgment of separation from bed and board he was earning a gross of about $42,000 per year as a sales representative for the Xerox Corporation, and he was at that time ordered to pay a total of $450 per month for both alimony pendente lite for his wife and child support. He argues that at the time of the judgment of divorce, one year later, he had changed to the job of supervisor of salesmen and his earnings were about $11,000 per year less. He contends that because of his reduced earnings, and because of the requirements of his job as supervisor that he drive an expensive car, wear expensive clothes and maintain an expensive lifestyle, he is unable to pay $450 per month in child support.
At the conclusion of the trial of the divorce, the district judge dictated into the record lengthy reasons for his decision of the various issues. As to the needs of the children, he stated that he considered both the evidence introduced at the hearing on the suit for separation and the hearing on the suit for divorce, including an affidavit filed by the mother showing the total needs of the mother and the two children to be about $1500 per month. In the judgment of divorce, the trial judge rejected the wife’s claim for permanent alimony on the grounds she is teaching school and earning approximately $650 per month and therefore is not in necessitous circumstances.
Of course, both the father and the mother have an obligation to support and educate their children. LSA-C.C. Article 227; Porter v. Cooley, 293 So.2d 258 (La.App. 3rd Cir. 1974). In the present case, the trial judge concluded that considering the needs of the children and the ability of both the father and the mother to contribute toward payment of these needs, the *727 father should pay $450 per month in child support. We find the record clearly contains a reasonable evidentiary basis for this result.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.