401 So.2d 514 (1981)
Rhelda Scharf RYAN, Plaintiff-Appellee,
v.
John Michael RYAN, Defendant-Appellant.
No. 14565.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
*515 Hudson, Potts & Bernstein by W. Craig Henry, Monroe, for defendant-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
Defendant, John Michael Ryan, appeals a district court judgment which orders him to pay to plaintiff, Rhelda Scharf Ryan, alimony pendente lite and other temporary maintenance. The sole issue on appeal is whether the trial court's award constitutes an abuse of discretion. Being unable to say that it does, we affirm.
After trial of a rule for alimony pendente lite, defendant was ordered to pay $1,500 monthly to plaintiff. Plaintiff was granted the right to continue occupancy of the former community residence and the use of a Chevrolet Corvette automobile. Defendant was additionally ordered to pay the monthly mortgage payment of $469.75 on the house; the property taxes of $56.25 per month; and the insurance of $83.00 per month on the house. Defendant has appealed contending the total amount he has been ordered to pay is excessive, and that he does not have sufficient means to pay this amount.
The record shows that the parties were married in 1975 and physically separated in July 1980. There are no children of the marriage. At the time of the hearing on the rule for alimony pendente lite, plaintiff was living in the matrimonial domicile and defendant was residing with his parents. Plaintiff was working one day per week as a dental hygienist at the net rate of $56.32 per day. She submitted an estimated monthly expense list in the amount of $3,372.85.
The defendant was employed as a general manager of the family owned automobile dealership in Monroe, Louisiana, and was given a "draw" of $2,500 per month against an annual salary of 5% of the net profits of the company. This amounted to approximately $80,000 in 1979. He had been paid approximately $34,000 by Ryan Chevrolet through September 30, 1980, at which time he was relieved of his duties by his father, the company president. Defendant testified that he was receiving interest income from loans to Ryan Chevrolet and two savings accounts. Defendant submitted a monthly expense list based on anticipated expenses in the event he left his parents' home and rented an apartment.
Defendant sought to show that adverse economic conditions in the automobile business had resulted in a decline of the net profits of Ryan Chevrolet from 1979. Jim Myrick, business manager for the company, *516 estimated that defendant's income for 1980 based on projected profits would be $38,000 if he were paid for the months of November and December. In accepting these figures, the trial court based its award on an estimated net income of $27,000 for 1980. We note that this net income figure is based on the same percentage of deductions previously applicable to defendant's income and does not take into consideration the federal tax deductions available for payment of court ordered alimony.
Alimony pendente lite may be allowed the claimant spouse if that spouse has insufficient income for maintenance pending the outcome of litigation. The amount allowed is to be proportioned to the needs of the claimant spouse and the means of the other spouse. La.C.C. Art. 148. The trial court is vested with a wide discretion in applying these standards and the award will not be disturbed unless there is a clear abuse of that discretion. Lewis v. Lewis, 329 So.2d 778 (La.App.2d Cir. 1976).
Defendant contends that he is unable to pay the maintenance ordered since it amounts to approximately $25,000 annually, and thus consumes most of his estimated net income for 1980.
While the monthly payments may seem to be large in proportion to defendant's stated income, it is also true that defendant's income is not the sole criterion in a determination of his means within which he is to satisfy his alimentary obligation to his wife. The word "means" as used in La.C.C. Art. 148 refers not only to income but to any resources from which the wants of life may be supplied and the entire financial condition of the husband must be examined to determine this. See Lewis, supra.
In the instant case defendant's financial condition was somewhat difficult to determine in a specific dollar amount. During the marriage this couple had become accustomed to a somewhat high standard of living which was sustained in large part by a rather generous expense account with defendant's employer. In defendant's capacity as general manager of the family's automobile dealership, the trial court apparently felt that he would continue to have the benefit of this expense account, use and maintenance of an automobile, and other accommodations which have been extended him in the past.
Although defendant was not employed at the time of trial, the record substantiates plaintiff's contention that this was a result of defendant's own volition. Defendant had left Monroe on August 25, after the initiation of this lawsuit, for a hunting trip to Canada and Colorado and did not return until the first of November. His testimony indicates that his expenses on these two trips amounted to approximately $2,000. While he was in Colorado defendant testified that he worked as a guide on a friend's ranch without pay. When he returned to Monroe, he discovered that he had been relieved of his duties at Ryan Chevrolet by his father. Evidently, the only obstacle at the time of trial to his resuming his duties with the company was defendant's refusal to accede to his father's policy implementations. We think it is incumbent upon defendant in view of his obligations to his wife that he resolve these differences of opinion with his father and resume his duties. We note that defendant's projected income for 1980 upon which the trial court based its award did not include income he was capable of earning and apparently would have earned in the month of October had he not taken the extended hunting trip.
The trial judge acknowledged that his decision was influenced by the fact that defendant was employed by a family owned business in which he had access to a generous expense account in addition to other accommodations not easily expressed in dollar figures. It is reasonable to consider these factors in arriving at a fair figure which of course is subject to modification for changed circumstances.
We are convinced the trial court examined defendant's entire financial condition in arriving at a figure which would as nearly as possible satisfy the needs of plaintiff *517 in a manner proportionate to the means of defendant. We cannot say that in so doing he clearly abused the discretion accorded him in alimony determinations.
For the reasons assigned, the judgment appealed is affirmed at defendant's cost.