430 So.2d 129 (1983)
A.C. WHATLEY, Plaintiff-Appellee,
v.
Bonnie Friday WHATLEY, Defendant-Appellant.
No. 15221-CA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
*130 Whitehead and McCoy by C.R. Whitehead, Jr., Natchitoches, for defendant-appellant.
Horton & Jones by William R. Jones, Coushatta, for plaintiff-appellee.
Before PRICE, SEXTON and NORRIS, JJ.
PRICE, Judge.
Defendant appeals the trial court's reduction of her award of alimony pendente lite from $300 to $175 per month. We reverse.
Alimony pendente lite was initially fixed in the proceedings between this husband and wife at a monthly rate of $300. The judgment of separation rendered and signed on March 4, 1982, again fixed alimony at $300 per month.
The husband filed the instant rule for reduction of alimony on June 24, 1982, contending that he was no longer able to pay this amount because he had been unable to obtain employment, and that his wife's retirement income had increased since the date of the separation judgment. The trial court ordered a reduction to the sum of $175 per month. The wife appeals the judgment contending that the trial court erred in finding sufficient change in the financial circumstances of the parties to warrant modification of the alimony award.
The general rule in awarding alimony pendente lite requires that the award be proportionate to the needs of the claimant spouse and the means of the other spouse. If the needs of the claimantin this case, the wifeexceed the ability of the other to pay, then alimony pendente lite should be fixed at a sum which will, as nearly as possible, be just and fair to all parties involved. La.C.C. Art. 148; Frederick v. Frederick, 379 So.2d 808 (La.App. 4th Cir. 1980); Shepard v. Shepard, 334 So.2d 745 (La.App. 3d Cir.1976).
The needs of the wife in this context have been defined as the total amount sufficient to maintain her in a standard of living comparable to that enjoyed prior to the separation, limited only by the husband's ability to respond. Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir. 1979). The determination of the means with which a defendant-husband is to satisfy his alimentary obligation to his wife is not based solely on his income. The word "means" as used in La.C.C. Art. 148 refers not only to income but to any resources from which the wants of life may be supplied, and the entire financial condition of the husband must be examined to determine this. Ryan v. Ryan, 401 So.2d 514 (La.App.2d 1981); Lewis v. Lewis, 329 So.2d 778 (La.App.2d Cir.1976).
The record establishes that the husband owns a 307-acre ranch complete with a nice brick house. He also owns some farm equipment, such as tractors and hay balers. All this property is completely unencumbered. He testified that he had about 100 head of cattle on the property, but could not place a value on them. Additionally, in December of 1980, he had collected an oil lease bonus check in the amount of $31,928. He testified that $15,000 of this amount had been placed in a certificate of deposit and the rest deposited in a checking account.
A reduction of alimony is warranted when the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it. La.C.C. Art. 232. The plaintiff contends that he is entitled to a reduction in the alimony award because he has been unable to secure employment as a contract painter, which was his primary source of income, since December 1981 or January 1982.
To obtain a reduction in alimony, the party seeking it bears the burden of showing a change in circumstances of one or both of the parties between the time of the previous judgment and the time of the rule for modification of the judgment. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Ducote v. Ducote, 339 So.2d 835 (La.1976); Johnston v. Johnston, 408 So.2d 459 (La.App. 1st Cir.1981).
*131 The judgment sought to be modified was rendered March 4, 1982. The husband testified that he had not worked as a contract painter since January 1982. This statement was, however, uncorroborated. He produced records pertaining to a checking account begun on December 4, 1982, into which he deposited $15,000 of the oil lease bonus money previously mentioned. These records show a steady depletion of the funds in the account down to approximately $200 by June 1982. The record does not show, however, what use was made of the money. In fact, one check was drawn to the order of cash in the amount of $4,000, but the husband could not recall for what expenses it had been used. He receives a monthly interest income from the certificate of deposit purchased with the remaining $15,000. He runs at least 100 head of cattle out on his ranch, some of which he admitted are worth $200 a head, and also engages in some farming and hay baling activities.
The change in the circumstances of the wife relied upon by plaintiff is merely a cost of living increase in her disability retirement benefit from $708 per month to $770 per month. This change, however, is not sufficient to warrant a reduction in her alimony award. It is axiomatic that an increase in the cost of living is not sufficient cause for an increase in an alimony award because any cost of living increase effects both parties. Ducote v. Ducote, 339 So.2d 835 (La.1976); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir.1981). By the same token, a relatively insignificant annual increase in a fixed income such as this wife receives does not place her in a better position than before, considering the current rate of inflation and its effect on a stable income.
While the plaintiff may not have been earning a steady income from contract painting, we find the evidence as presented insufficient to establish a change in his circumstances and ability to pay between the time of the original judgment and this rule for reduction. Inasmuch as he stated that his last painting job had been completed in January 1982, it is reasonable to assume that he did so testify at the time of the separation hearing as well. There is nothing in this record, however, to indicate other financial criteria on which the prior award was based.
We feel that a more complete record is required before a proper assessment may be made of this case. See Ransonet v. Ransonet, 326 So.2d 509 (La.App. 3d Cir.1976). Moreover, based on the evidence which was presented at trial, it appears the plaintiff has sufficient means with which to meet the obligation placed on him by the original judgment. That judgment is presumed to be correct until justification for modifying it has been shown. McMath v. Masters, 198 So.2d 734 (La.App. 3d Cir.1967). Plaintiff has failed to show such justification here.
For the foregoing reasons, the judgment appealed is REVERSED, and the original alimony award of $300 per month is reinstated.
REVERSED AND RENDERED.