448 So.2d 877 (1984)
Dorothy Ann LANCLOS, Plaintiff-Appellee,
v.
David Paul AYMOND, Defendant-Appellant.
No. 83-539.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*878 Paul M. Hebert, Jr. of Breazeale, Sachse & Wilson, Baton Rouge, for defendant-appellant.
William Tracy Barstow, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
Dorothy Ann Lanclos and David Paul Aymond were divorced on March 28, 1977, at which time Mr. Aymond was condemned to pay child support of $200.00 per month for the maintenance and support of their two minor children, Paul and Mark Aymond. Subsequently, Dorothy Lanclos filed a rule for an increase in child support wherein David Aymond signed a waiver of appearance and consented to judgment being rendered increasing the child support payments to $300.00 per month. This increase in child support was made effective by a judgment dated November 12, 1980.
On January 17, 1983, Mr. Aymond filed a rule nisi claiming that there had been a substantial change in his circumstances since the November 12, 1980 judgment and based thereupon, he requested a reduction in child support payments. The rule was heard and the trial court denied his motion on the basis that the evidence did not warrant a reduction in child support. He appeals that ruling. We affirm.
Mr. Aymond testified that the following changes of circumstances had occurred since the rendition of the November 12, 1980, judgment:
1. In November 1980, he and his second wife had only one child but that now twins had been born.
2. As of the time of the hearing the second wife can no longer work due to the fact that she had three small children at home.
3. There have been rent increases due to the need for larger housing as a result of the birth of the two additional children.
4. Because of the added financial burden he has had to borrow money to make ends meet.
Although Mr. Aymond's testimony is to the effect that his present income does not allow him to meet his obligation of support under the November 1980, judgment, nevertheless, the trial judge must have concluded that he was able to continue making the support payments previously ordered. The circumstances dictate that we apply the well established rule of appellate review that the findings of fact made by the trial judge are to be given great weight and his conclusions will be disturbed only if manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
Inasmuch as it does not appear that the trial judge acted arbitrarily in this matter *879 this Court will not substitute its judgment for his. Trahan v. Adams, 264 So.2d 358 (La.App. 3rd Cir.1972); Lawrence v. Lawrence, 145 So.2d 642 (La.App. 4th Cir.1962).
The law is well settled in Louisiana that both parents owe the obligation of support and maintenance to their children. La.C.C. Art. 227; Kuhn v. Kuhn, 420 So.2d 1026 (La.App. 5th Cir.1982); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980); and Porter v. Cooley, 293 So.2d 258 (La. App. 3rd Cir.1974). Furthermore, each case involving the support of children must be determined on its own facts and circumstances. See Kuhn v. Kuhn, supra, at page 1028, and Hudson v. Hudson, 421 So.2d 1188 (La.App. 2nd Cir.1982).
There is no question that the party seeking to increase or decrease the amount of child support bears the burden of proving a change of circumstances since the rendition of the prior judgment fixing the amount of support. Hudson v. Hudson, supra, and Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980). It has been argued that a less rigid application of the "change of circumstances rule" should apply where a child support award has been fixed via a consent judgment rather than judicial intervention.[1] However, under either standard the trial judge found the change of circumstances insignificant in and of itself to warrant a change of the child support award.
The plaintiff in rule has encountered additional financial responsibilities but his income has also increased to an extent that would absorb some of those expenses. Further, the cost of supporting these two children has no doubt increased since the November 1980, judgment.
In view of the circumstances of this case, and the law applicable thereto, we cannot say that the trial judge abused his discretion in refusing to lower the amount of child support which Mr. Aymond had earlier been ordered to pay.
For the above and foregoing reasons the judgment appealed is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.
NOTES
[1] See Bass v. Bass, 417 So.2d 67 (La.App. 3rd Cir.1982) and concurring opinion therein.