ALFORD, Judge.
This is an appeal from a judgment dismissing a rule to reduce child support brought on behalf of plaintiff-appellant, Jasper L. Barbera. Appellant and defendant-appellee, Linda Roberthon Barbera, were divorced on March 8, 1982, with two children having resulted from the marriage. Appellant was initially ordered to pay child support in the amount of $550.00 per month per child. Additionally, appellant was ordered to maintain full medical insurance on each child and to pay each child’s private school tuition.
These parties have been before the trial court on numerous occasions on a variety of rules not germane to this appeal. Suffice it to say that appellant has been granted one previous reduction in child support in the total amount of $100.00 per month by judgment dated December 21, 1982. Appellant filed the rule to reduce child support which we are concerned with in this appeal on April 7, 1983, alleging a substantial change in circumstances since the December, 1982, reduction. After hearing the evidence, the trial judge determined that no reduction was warranted. We affirm.
Appellant argues that his net income has been significantly decreased due to economic conditions beyond his control, that Mrs. Barbera’s income has not been so affected, and that the needs of his children have actually decreased since the Decern- *1207 ber 21, 1982, reduction. The trial court, on the other hand, specifically found that while appellant’s income had been reduced, it was still sufficient to meet the child support award given that appellant produced no evidence to show that his monthly expenses exceeded the remainder of his income after the support payments were subtracted. Additionally, the trial court found that the children’s needs had not decreased, but rather, had increased due to the general inflationary trends of our economy. The trial court went on to note that appellant, when questioned by the court, admitted that his true concern was with the way the former wife was utilizing the child support payments, rather than with the amount of the payments.
LSA C.C. art. 227 provides, “[fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.” As we noted in Nelms v. Nelms, 413 So.2d 1341, 1342 (La.App. 1st Cir.1982), writ denied, 415 So.2d 944 (La.1982),
The amount of child support is determined by the wants of the child and the circumstances of the parent who is to pay. La.C.C. Arts. 227, 231. Therefore, in making a determination of child support, the trial court must consider the totality of all pertinent circumstances. Marcus v. Burnett, 282 So.2d 122 (La. 1973); Prudhomme,[1] supra; Moss v. Moss, 379 So.2d 1206 (La.App. 3d Cir.1980); LaBalle v. LaBalle, 352 So.2d 330 (La.App. 4th Cir.1977).
Additionally, trial courts are afforded considerable discretion in fixing the amount of child support. Ducote v. Ducote, 339 So.2d 835 (La.1976).
A careful review of the record reveals that the trial judge did not abuse his much discretion in this matter. These parties had been before the judge on three separate occasions and he was extremely familiar with the various circumstances of the case. In addition to the trial judge’s specific findings of fact mentioned above, it was noted by the court that Mr. Barbera was in the fifty percent tax bracket and that Mrs. Barbera’s employment contract with the local school system would expire in August of 1984. Given the totality of the circumstances of this case, we are of the opinion that the trial court was correct in dismissing appellant’s rule to reduce child support. The fact that appellant is not satisfied with the way in which his former wife is utilizing his child support payments is not determinative in this case. As noted in McManus v. McManus, 428 So.2d 854 (La.App. 1st Cir.1983), the party in whose favor a child support judgment is awarded is entitled to determine how the funds will be disbursed.
Therefore, for the foregoing reasons, the judgment of the trial court dismissing the rule to reduce child support brought on behalf of plaintiff-appellant, Jasper L. Barbera, is hereby affirmed. Appellant is to pay costs of this appeal.
AFFIRMED.

. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782 (La.1980).