GULOTTA, Judge.
In this domestic relations case, plaintiff husband, Robert H. Perkins, seeks a reduction from the July 11, 1985 judgment awarding to his wife, Rosita Perkins $4,500.00 per month ($2,500 per month alimony pendente lite and $2,000 per month child support). We affirm.
Perkins, an architect and planner, testified that although his gross income in 1983 was $132,000.00, his financial condition has now changed. According to plaintiff his gross monthly salary is $6,000.00. However, there are months when he is not paid due to insufficient funds in his architectural firm, and at present he is indebted to the firm in the sum of $363,000.00. He also stated that the first quarterly report of his firm reflected negative net worth of $541,-000.00 and that the company was in no position to advance money to him. Plaintiff further testified that he spends $300.00 per month for food and $300.00 per month for clothing. Although he admitted that he has no housing expense, Perkins stated that his company provides him with a Mercedes Benz automobile and pays most of his travel expenses. In addition to his architectural and planning firm, plaintiff related that he owned 50% of the property of another company. Perkins further stated that 25% of the other company was owned by his father while the remaining 25% was owned by his architectural and planning firm.
Gloria Young, the office administrator, secretary, and bookkeeper of Perkins and Partners, testified that the corporation’s accounts receivables were “very low” and that as of January 1, 1985 salaries had been cut. According to Mrs. Young, plaintiff received $2,000 per month for the months of January, February and March, and less than that amount in May and June. Mrs. Young further stated that Mrs. Perkins received $5,585.57 in January, $6,831.42 for February and March and $3,373.55 in April.
Robert D. Winston, Jr., the firm’s CPA since 1979, testified that the company has been insolvent since that time. In Win *524 ston’s opinion the financial condition in 1985 is no different from that in 1979, except that in 1985 total liabilities exceed total assets.
Rosita Perkins testified that she was unemployed with no outside source of income and that her total monthly expenses amounted to $2,289.08. According to Mrs. Perkins, four children were born of the marriage. One child is mentally retarded and resides at Magnolia School in Jefferson Parish. Mrs. Perkins provides for that child’s clothing, and the child lives with her during all holidays, summer vacations and public school vacations. Two daughters, one 14 years of age and the other 18 years of age, reside with the mother. The school tuition for the younger daughter is $142.00 per month. According to Mrs. Perkins, her husband, during the separation period, paid $2,239.08 in household expenses, including a $546.00 house note. Mrs. Perkins testified further that her husband additionally paid to her for her own use $2,300.00.
The trial judge apparently was not impressed with the accuracy of the amount of income received by Perkins from his architectural firm. In oral reasons the judge stated:
“....And I’m keeping in mind that a chief executive officer and president of a corporation has certain lead way with regard to decision making and payment of his own salary. And with regard to transfer of certain assets in his corporation to himself. And I’m taking into account the fact that Mr. Perkins has over the last year and a half demonstrated the ability to pay a certain amount to support not only the wife and minor children, but also the majors, notably the car note for the son who’s age twenty-five.”
The record supports the trial judge’s observations.
The purpose of alimony pendente lite is to provide temporarily, pending litigation, for the spouse who does not have sufficient income for his or her maintenance. It is designed to preserve and continue the status quo insofar as maintenance and support are concerned. Arren-dell v. Arrendell, 390 So.2d 927 (La. App.2nd Cir. 1980). Absent a showing of a clear abuse of discretion, the trial court’s judgment will not be set aside or amended. Halpern v. Halpern, 442 So.2d 800 (La. App. 4th Cir. 1983).
The total assets in a balance sheet exhibit are listed as $1,036,626.65. The total liabilities are listed as $1,074,736.95. We find it noteworthy that $264,006.33 was deducted as accumulated depreciation from the company’s property, plant and equipment assets. We conclude that this figure is significant for tax and accounting purposes, but does not correctly reflect the true market value of the property. Also notable is the inclusion of a “long term debt” in the amount of $749,765.43. This figure together with the total current liabilities of $249,222.52 makes the latest liability amount of $1,074,736.95 suspect. The balance sheet also reflects accounts receivable in the aggregate amount of $508,-781.96 and accounts payable in the aggregate amount of $153,743.81. Furthermore, the firm’s operations in Louisiana and Florida offices show a gross profit of $431,-782.40.
Because the evidence, including the exhibits, contains more unexplained than explained facts, we reject plaintiff’s argument that the trial judge abused her discretion in awarding Mrs. Perkins $4,500.00 per month in alimony pendente lite and child support. Notwithstanding the testimony of Perkins, Mrs. Young, and Mr. Winston, concerning the financial problems of the company, the balance sheet and other evidence support a reasonable conclusion that Perkins is a man of means with sufficient funds to pay to Mrs. Perkins $2,500.00 in alimony pendente lite and $2,000.00 in child support. .
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.