541 So.2d 995 (1989)
Patricia ABBOTT, Plaintiff-Appellant,
v.
Gary S. DUNLAP, Defendant-Appellee.
No. 87-1357.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1989.
Writ Denied June 2, 1989.
*996 Preis, Kraft, Laborde & Daigle, Ralph E. Kraft, Lafayette, for plaintiff-appellant.
Gary S. Dunlap, Lafayette, in pro. per., Gerald J. Block, Lafayette, for defendant-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This appeal addresses the propriety of a trial court's judgment which reduced a father's child support payments for one child from $1,400 per month to $900 per month.
Patricia Abbott and Gary Dunlap were divorced on April 6, 1982. In the divorce proceedings, Dunlap agreed to pay $1,400 per month child support and agreed that Abbott would have custody of their minor daughter. Dunlap further agreed to pay the educational expenses of the child through the date of college graduation. These agreements were incorporated into the judgment of divorce.
On September 3, 1982, Abbott and Dunlap executed a partition of community property in which Dunlap stated that as additional consideration for the execution of the partition, he agreed to pay $1,400 per month child support and again consented to pay the minor child's educational expenses through the date of college graduation. In return for this agreement, Dunlap was allowed to declare his minor child as a dependent on his state and federal income tax returns.
On April 2, 1987, Dunlap filed a rule to reduce his child support payments, alleging *997 that his circumstances had changed for the worse and that his salary and income were greatly reduced as a result of the depression in the oil industry. Dunlap further alleged that Abbott's circumstances had also changed in that she was now employed. Mover sought a reduction in child support payments to the sum of $400 per month.
This rule was heard on June 15, 1987. Affidavits of income and expenses were introduced into evidence by both parties. The testimony of both parties was heard and a transcript of that testimony was prepared. Ms. Abbott also proffered to the court the partition of community property that had been executed by the parties on September 3, 1982.
The trial court found that Dunlap had a salary decrease, that Abbott's affidavit of expenses was inflated, and that the child required less than $1,400 per month in support. The court, on June 29, 1987, rendered a judgment reducing the amount of child support payments from $1,400 per month to $900 per month and ordering that the cost of the proceedings be paid by Ms. Abbott.
After Ms. Abbott's motion for a new trial was denied, Ms. Abbott appealed asserting five specifications of error. Mr. Dunlap has neither answered the appeal nor appealed from the judgment.
SPECIFICATION OF ERROR NO. 2
By this specification of error appellant asserts that the trial court erred in failing to allow the introduction into evidence of the partition of community property executed by the parties. Appellant asserts that this document contains evidence of the agreement of the parties with respect to what the needs of the child were at the time of the signing of the document, as well as evidence of the parties' contractual intent to be bound by the terms of the document as it relates to child support.
Abbott proffered into evidence a copy of the partition of community property she entered into with Dunlap after their judgment of divorce. The purpose of this evidence was to establish that despite the needs of the minor child in 1982, which were not judicially determined, Dunlap covenanted to pay child support in the sum of $1,400 per month as further consideration for the partition agreement. The trial court found that the partition agreement was not relative to the issues of the case. We find this evidence relevant and material to the rule for reduction instigated by Dunlap, and the trial court's exclusion of this evidence was clearly erroneous.
The agreement between Dunlap and Abbott, although duplicative of the divorce judgment in many respects, was entered into after the divorce and the language pertinent herein was inserted as additional consideration for entering into the partition. Under the holding of Dubroc v. Dubroc, 388 So.2d 377 (La.1980), it is evident that the covenant between Dunlap and Abbott relative to child support was not adverse to the purpose and intent of child support as envisioned by the Civil Code. See also Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir.1985), writ denied, 468 So. 2d 1207 (La.1985). Accordingly, we find the contract provision enforceable. Nevertheless, because the contract relative to child support did not prohibit Dunlap from seeking a decrease (and Abbott from seeking an increase), we ultimately analyze the case as whether Dunlap proved a sufficient change of circumstances, utilizing the original agreement as a touchstone of what the parties considered as a reasonable amount to meet the minor child's needs in 1982.
SPECIFICATION OF ERROR NO. 3
By this specification of error, appellant asserts that the trial court erred in its reduction of the portion of the car note and the portion of the house note allocated to the child, absent any testimony to the effect that such allocation or amount was unreasonable.
Abbott allocated 60% of the car note to the minor child, reasoning that more than half the time she used the car to transport the child to and from gymnastics, music lessons, school, and other school related activities. Abbott also allocated 50% of the house note ($121.21 per month) to the minor child. The trial court commented that *998 Abbott would have been purchasing the car and house anyway, and therefore found that only 33-1/3% of each note was attributable to the minor child.
The reasonableness of Abbott's allocation of the car and house notes was not attacked to any degree by Dunlap. Even though the jurisprudence has not firmly addressed how the allocation of items such as this should be done, see Osborne v. Osborne, 512 So.2d 645, 652 (La.App. 2nd Cir.1987), based on the record before us, we find the trial court's lowered allocation to the minor child is not supported by the evidence.
Moreover, it is well entrenched in Louisiana jurisprudence that children living with the mother are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980); Davis v. Davis, 428 So.2d 1195 (La.App. 5th Cir.1983); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2nd Cir.1981); Hogan, supra. In the present case the record reflects that Dunlap lives in Lafayette in a three bedroom condominium in Westgate Condominiums for which he pays $700 per month, has two lots of investment property in Le Triomphe Resort, maintains a membership in Red Lerille's Health Club at a cost of $60 per month, and holds season tickets to athletic events at USL and LSU. Certainly, the amounts of the house and car notes and Abbott's allocation of them are not unreasonable in light of these facts.
For the foregoing reasons, we find that the trial court's lowered allocation for the portions of the house and car notes attributable to the minor child was clearly wrong.
SPECIFICATION OF ERROR NO. 5
By this specification of error appellant asserts that the trial court erred in its determination of the child's allocated monthly expenses for housing and transportation and of monthly gymnastic expenses by relying upon an average of the expenditures of the most recent five months instead of relying on an average based on the evidence before the court on the date of the hearing.
In reducing the minor child's monthly expenses from $1,147.62 to $854.02, the trial court averaged the expenses over the last five months, instead of using a 12 month average as provided by Abbott in her affidavit of expenses. Abbott testified that she used the 12 month average in her affidavit because her expenses fluctuate so much over a one year period. We find nothing in the record to justify the trial court's decision to examine these expenses over only a five month period. In the absence of justification, we find manifest error in the trial court's judgment.
SPECIFICATION OF ERROR NO. 1
By this specification of error appellant asserts that the trial court erred in ordering a decrease in child support payments because no sufficient change in circumstances was shown with respect to Mr. Dunlap's ability to meet the needs of the minor child, and because there was insufficient evidence adduced at the hearing to show that the child required less than $1,400 per month in child support.
Parents have the obligation to support, maintain, and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. arts. 227, 231; Ducote v. Ducote, 339 So.2d 835 (La.1976). Each case involving the support of children must be determined on its own facts and circumstances. Lanclos v. Aymond, 448 So.2d 877 (La.App. 3rd Cir.1984). In making a determination of child support, the trial court must consider the totality of all pertinent circumstances. Barbera v. Barbera, 457 So.2d 1206 (La. App. 1st Cir.1984), writ denied 460 So.2d 1047 (La.1984). The party seeking to increase or decrease the amount of child support bears the burden of proving a change of circumstances since the rendition of the prior judgment fixing the amount of support. Lanclos, supra.
Appellant asserts that no sufficient change in circumstances was shown with respect to Mr. Dunlap's ability to meet the needs of the minor child and that, therefore, *999 the trial court was in error in ordering a reduction in child support payments.
Dunlap premised his rule for reduction of child support payments on his decreased salary and on Abbott's part-time employment. After carefully examining the record, we find Dunlap's 1982 income approximated $51,460. Dunlap testified that his income at the time of the hearing on this matter was $2,000 per month in salary, approximately $1,541.27 per month in royalties, and approximately $116.44 per month in earnings from stocks, which would project to an income of $43,892.52 for the year. However, after reviewing the record, we find this figure inaccurate for two reasons:
First, this figure does not include the income of Susan Dunlap, Dunlap's second spouse. Under Marcus v. Burnett, 282 So.2d 122 (La.1973), the earnings of a parent's second spouse should be considered in determining that parent's child support obligation. The record shows that Susan Dunlap worked as a "land man" in the petroleum industry in 1985 and 1986 at a yearly salary of $15,900, and at the time of the hearing was employed as the office manager of Dr. W.O. Toce, Jr., a Lafayette dentist, receiving a salary based on a percentage of the dentist's gross receipts. This salary averaged $600 to $800 per month, which adds up to from $7,200 to $9,600 per year. The record is clear that the trial court failed to consider this income in reaching a figure reflective of Dunlap's yearly income at the time of the rule for reduction. We find that the trial court erred in not taking into consideration Dunlap's second spouse's monthly salary.
Second, the trial court erred in baldly accepting Dunlap's testimony that his monthly salary from Magnum Petroleum, Inc. (Magnum) was $2,000. Dunlap testified that he was the president, sole shareholder, and sole officer of Magnum. He testified that it was his decision to pay himself a salary of $2,000 per month. Dunlap further testified that Magnum had a geologist on retainer at a salary of $4,000 per month and that it was Dunlap's decision to pay that salary after negotiation with the geologist. This court, in Moncus v. Moncus, 510 So.2d 1271 (La.App. 3rd Cir.1987), stated:
"It has been held that a person cannot avoid his alimony obligation by voluntarily leaving his employment. Ryan v. Ryan, 401 So.2d 514 (La.App.2d Cir. 1981). Similarly one cannot avoid all or part of his alimony or child support obligations by exercising his exclusive control over a corporation wholly owned by him to limit his own salary. Since appellee has complete discretion in managing the finances of DSI, the profits of the corporation must be considered his profits."
Dunlap offered no explanation of why he set his salary at only $2,000 per month, while setting Magnum's geologist's salary at $4,000 per month. Dunlap testified that he had absolute discretion with respect to Magnum's funds to be received, and that it was from those funds that his salary was paid. Thus, Dunlap has complete discretion in managing the finances of a corporation of which he is the sole shareholder and has not shown any reason for limiting his salary to $2,000 per month. On this basis, we find that Dunlap failed to establish his entitlement to a child support reduction on the basis of his decreased income.
Further, we also find that Dunlap failed to establish his entitlement to a decrease in child support based on Abbott's employment. Although there was testimony that Abbott became employed as a part-time physical education teacher at a gross salary of $600 ($470.60 net) per month subsequent to the initial child support consent judgment, the trial court made no mention of this in its written reasons for judgment. We find that in comparison to Dunlap's income, Abbott's income was inconsequential in determining her ability to pay. Furthermore, Abbott's day-to-day care of the minor child must be considered in any review of her contribution to the support of her minor daughter.
Finally, we consider the trial court's determination that the minor child did not need $1,400 per month as support for the *1000 court's reduction of child support payments. In reaching this determination the trial court concluded that Abbott inflated her affidavit of expenses. We disagree. As previously discussed in this opinion, we find manifest error in the trial court's decision to consider only the average of the most recent five months of the minor child's expenses. Likewise, we find the trial court's lowered allocation of the portions of the house and car note attributable to the minor child was clearly wrong. Further, the record reflects that the minor child is active in gymnastics and was a member of the Junior Olympic Team when the rule for a decrease was heard. The record also reflects that she is a piano student. In her affidavit of expenses, Abbott allocated only $105 per month for food and household supplies and $20 per month for automobile gasoline to the minor child. We do not find these figures to be indicative of inflated expenses.
For the foregoing reasons we find that the trial court erred in ordering a decrease in child support payments.
SPECIFICATION OF ERROR NO. 4
By this specification of error appellant asserts that the trial court erred in assessing to respondent-appellant the cost of bringing the rule for reduction in child support payments. We agree.
LSA-C.C.P. art. 1920 provides:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
"Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
As pointed out in Johnson v. Marshall, 202 So.2d 465 (La.App. 1st Cir.1967), writ refused, 251 La. 217, 203 So.2d 555 (1967), this article does not mean that there are no guidelines to govern the taxing of costs. "`[I]n the absence of some reason in equity or otherwise to control, costs generally follow the final judgment in favor of the prevailing party.'"
This litigation was brought about by Dunlap's rule for a reduction in child support payments. All costs are a result of this rule for reduction. As we have previously stated, the trial court was in error in reducing Dunlap's child support payment and, therefore, Dunlap should be charged with the cost of this litigation. Nothing in equity or otherwise has been shown to alter this conclusion.
For the above and foregoing reasons, the judgment of the trial court granting a reduction in child support payments to Gary S. Dunlap and assessing costs of the proceeding against Patricia Abbott is reversed. All costs of the trial court and this appeal are to be assessed against Gary S. Dunlap.
REVERSED.