591 So.2d 1313 (1991)
Jane Gayle CARTER, Plaintiff-Appellant,
v.
Jeff Thomas CARTER, Defendant-Appellee.
No. 23182-CA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 1991.
*1314 Ellen R. Eade, McLeod, Swearingen, Verlander, Dollar, Price & Noah, for plaintiff-appellant.
Charles R. Joiner, Joiner & Joiner, for defendant-appellee.
Before JASPER E. JONES, WYCHE and LOWE, JJ., Ad Hoc.
JASPER E. JONES, Judge Ad Hoc.
Jane Gayle Carter Stewart, mother and domiciliary custodian of Jeffrey Fox Carter appeals a judgment that rejected her demand to increase a $650.00 monthly child support award for her son and reduced the award to $500.00. The trial judge based the reduction of the child support award on a change of circumstances and the application of LSA-R.S. 9:315 et seq.
The appellant was divorced from the child's father, Jeff Thomas Carter on February 5, 1987. The child was twelve years old and attending Ridgedale Academy, a private school which required a monthly tuition expense of $134.00 at the time of the divorce wherein the child support award was confirmed in the amount that it had been set in the separation judgment which had occurred in 1986.
On September 6, 1990, the father filed this rule to reduce the support award because appellant's income had increased and the child was now attending a public school and the private school tuition no longer had to be paid. The tuition for the year before the modification suit was instituted had been $273.00 per month. The monthly income of the father at the time of the modification rule was about $2,978.00 and the monthly income of the appellant was $2,058.00. The husband's income had increased about $300.00 per month since the child support award was set and the appellant's income had increased about $555.00 per month since the award was set.
The appellant denied the husband was entitled to a reduction and sought on her behalf an increase in child support based on the increased needs of the child and the increase in the father's income.
*1315 The appellant filed an expense list on the child's needs at the time the child support was initially set totaling $1,544.00 per month. She filed an expense list in these proceedings reflecting total needs of the child in the amount of $2,243.71 per month. The new list contained an amount for the child's food in the amount of $454.00 and contained expenses for the boy's transportation totaling $624.99.

ASSIGNMENTS OF ERROR
1) The trial court should not have found change in circumstances and should not have applied LSA-R.S. 9:315 et seq guidelines because the child's needs increased and the father's income increased.
2) The court should not have applied the statutory guidelines because it was not in the best interest of the child and was inequitable to the parties.
3) The court should have left the child support undisturbed because it was established as a supplement to a community property settlement.
4) Because of the increase in the child's needs and the father's increase in income, the award should have been increased.

LAW
The child support shall be set in an amount that meets the needs of the child and provides a standard of living the child would have enjoyed living with the noncustodial parent and be an amount within the noncustodial parent's ability to pay. Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2nd Cir.1982).
A trial court's award of child support will not be disturbed absence a clear abuse of discretion. Updegraff v. Updegraff, supra.
An agreement between parents on an amount of child support contained in a community property settlement and which is in the best interest of the child is enforceable, but a change in circumstances may justify a change of the agreed upon child support. Abbott v. Dunlap, 541 So.2d 995 (La.App. 3rd Cir.1989).
The guidelines set forth in LSA-R.S. 9:315 et seq shall be used in any proceedings to modify child support filed after October 1, 1989. There shall be a rebuttable presumption that the amount of child support determined by the use of the guidelines is the proper amount of the child support. LSA-R.S. 9:315.1(A). The court may deviate from the amount determined by the guidelines if the amount so determined is not in the best interest of the child or would be inequitable to the parties. LSA-R.S. 9:315.1(B).
A change in circumstances following the rendition of a consent support judgment can require compliance to the amount determined by the LSA-R.S. 9:315 guidelines in a proceedings filed subsequent to October 1, 1989 to modify the consent judgment. Montgomery v. Waller, 571 So.2d 765 (La.App. 2nd Cir.1990); Crockett v. Crockett, 575 So.2d 942 (La.App. 2nd Cir. 1991).

WAS THERE A CHANGE IN CIRCUMSTANCES?
The support award which was determined by the consent of the parents at the time of the separation in 1986 and at the time of the divorce in 1987 was the sum of $650.00. This award was only decreased by the judgment appealed by the sum of $150.00 to the sum of $500.00. There must be a change of circumstances which existed at the time of the modification herein to support this reduction. The trial court in excellent reasons for judgment specifically recognized that at the time the amount of support was set by consent that the child was attending a private school and that the child was no longer attending a private school at the time of the demand for the modification of the child support. The *1316 child had initially attended Ridgedale where the monthly tuition was $134.00 and had attended River Oaks which required a monthly tuition of $273.00 per month the year before this modification proceeding was filed.
The appellant argues that the elimination of the private school tuition was not a change in circumstances justifying the change in the support award because of the increase in the needs of the child brought about by his increase in age. We observe that the monthly list of needs in the amount of $1,544.00 filed by the appellant at the time this domestic litigation commenced appears to be exorbitant. However, she explained the large monthly amount needed for the eleven year old boy as being the result of excessive luxury bestowed upon the child by his parents.
The monthly need list of $2,243.00 which appellant filed in the instant litigation continues to grossly exceed any legitimate needs of a sixteen year old high school student. While we will make no attempt to analyze the entire list, we note that it included $454.00 per month expense for the child's food. The trial judge did not mention this specific item in his reasons for judgment but properly characterized the cost of the ownership and operation of a car provided for the boy as a luxury expense which should not have been incurred. The expense list showed a total of transportation costs for the child of $624.99 which was itemized as car note, car insurance, maintenance expense, operating expense and transportation cost.
The increase in the amount reflected upon the exorbitant needs list filed in the modification proceeding does not require a rejection of the change of circumstances resulting from the change to a public school. There has been a change of circumstances here established and the trial court recognized this finding by observing in its reasons for judgment that the child no longer attended a private school and the tuition for the private school was no longer required. The trial judge was, under these circumstances, required to proceed to consider this case under the provisions of LSA-R.S. 9:315 et seq.
The Appellant argues that the trial court incorrectly determined the father's gross monthly income to be the sum of $2,978.00. The father's work duties for Louisiana Power and Light Company require that he work far less overtime than he was required to work at the time the support was initially set. However, his income has increased about $300 per month since the support was initially set by consent. The factual determination by the trial court of the father's monthly income is not clearly wrong in light of the lack of predictability of overtime income.
The appellant has an increase of income from the time of divorce until the modification hearing of approximately $555.00 per month which necessarily increases her ability to help meet the needs of the child. The increase in the appellant's income is greater than the increase of the father's income and the trial judge properly considered this factor in finding a change of circumstances justifying a reduction in the support and denying the appellant's demand for an increase in the support award.
The appellant contends the trial court should not have considered the provisions of LSA-R.S. 9:315 et seq to decide this case. This contention has no merit because this statute specifically requires that it be considered in reviewing demands for support instituted after October 1, 1989. This action to modify was filed September 6, 1990, seeking to alter support initially set in 1986 and confirmed in 1987. The appellant contends the earnings of the parent used by the trial judge in applying the tables contained in the guideline statute were not correct and for this reason the conclusion of the trial judge as to the amount of support provided by the statute was incorrect.
The trial judge found the gross monthly income of the father to be $2,978.00 and the monthly gross income of the appellant *1317 to be $2,052.00. The income of the child's respective parents found by the trial judge is sustantially supported by the income evidence contained in this record and the trial judge's factual determination on the income of said parents is not clearly wrong. The total income of the parents of the child was found to be $5,030.00. The trial judge then applied the total monthly income to the schedule contained in the table found in LSA-R.S. 9:315.14 of the guideline statute which reflected the basic child support obligation for the child to be $700.00.
The evidence reflects there is a monthly extraordinary medical expense of $100.00 necessary to provide the child with orthodontic tooth care. LSA-R.S. 9:315.5 requires this amount to be added to the basic child support determination extracted from the 315.14 schedule and the $800.00 total of these two figures must be used to determine the amount of each party's share of the total child support pursuant to a calculation directed by LSA-R.S. 9:315.8(C). This section of the statute provides each parent's share of total child support obligation is to be determined by multiplying his or her percentage share of combined adjusted gross income times the total child support obligation. The trial court correctly found the father's percentage share of combined income to be .5923 and applied this percentage in the formula to determine the father's child support to be $473.84 when calculated according to statutory formula. The trial judge, based upon a consideration of child support determined as per the guidelines, reduced the child support contained in the 1987 judgment from $650.00 to $500.00.
The appellant argues the trial judge should not have applied the guidelines because the initial award was determined by agreement between the parties which was a part of their community property settlement. The formal community property settlement conveyed the father full interest in his retirement rights provided by his employer and contains no reference to child support. The record does establish by the testimony of the parties that the appellant's agreement to surrender all her interest in the father's retirement was to some extent given by her in consideration of the father's agreement to pay $650.00 monthly child support. An agreement in a community property settlement to pay a certain amount as child support is enforceable. However, the amount of the child support determined in a community property settlement is subject to a reduction when justified by a change in circumstances. Abbott v. Dunlap, supra. The trial judge in his reasons for judgment found a change in circumstances which supports his reduction in child support and the change made by him was not a clear abuse of discretion and can not be disturbed on appeal. Updegraff v. Updegraff, supra.
The appellant contends the trial judge should have found the amount of support determined pursuant to LSA-R.S. 9:315 et seq was not to the best interest of the child and was inequitable to the appellant pursuant to LSA-R.S. 9:315.1(B) and for these reasons the court should have rejected the presumption of correctness of the amount of support provided for in LSA-R.S. 9:315.1(A).
We conclude that the elimination of the expense of the private school results in the modified support award fixed by the court being to the best interest of the child and is adequate for the appellant to be able to provide for the reasonable needs of the child. The appellant's own increase in income subsequent to the initial award precludes there being any inequity created by the decrease in the award.
The reasons given for affirming the trial court's reduction in the award also justify the rejection of appellant's demand for an increase in the award.
We discern no error in the assessment of the cost equally between the parents in this child support litigation.
We affirm the judgment appealed and assess the cost on appeal equally between the parties.