610 So.2d 163 (1992)
Edwin PREIS, Jr., Plaintiff-Appellant,
v.
Elizabeth Bourque PREIS, Defendant-Appellee.
No. 91-1205.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Writ Denied February 11, 1993.
Anthony Fazzio, D.C. Panagiotis, LaFayette, for plaintiff-appellant.
Steve Durio, LaFayette, for defendant-appellee.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
This is an appeal from the trial court's denial of a motion to reduce child support and alimony pendente lite filed by mover-appellant, Edwin G. Preis, Jr.
By assignments of error, Preis alleges the trial court erred in failing to find that he had proven a sufficient change in circumstances to justify a decrease in his child support and alimony pendente lite obligations. Specifically, he contends that he incurred a 27% reduction in average gross monthly income during the first six months of 1991. Additionally, appellant contends the trial court erred in considering the production and gross income totals of the law firm in which he is a 50% managing partner in determining whether he had carried his burden of proving a substantial change in circumstances. Finally, appellant contends that the trial court erred in not considering the alimony pendente lite which he pays to his wife, Elizabeth Bourque Preis, as her "gross income" for purposes of determining the parties' child support obligations pursuant to the statutory worksheet.

*164 FACTS
This matter involves divorce proceedings between Edwin Preis and Elizabeth Bourque Preis. In February of 1991, the trial court ordered Mr. Preis to pay $6,736.68 per month in child support and $3,000 per month in alimony pendente lite to Mrs. Preis. Additionally, Mr. Preis was ordered to pay the two monthly house notes on the family home totaling $2,666.71. Thus, his total monthly payments are $12,403.39. The trial court based its award of alimony pendente lite and child support upon the finding that Mr. Preis' average gross monthly income was $25,511.01 for 1989 and 1990.
In June of 1991, Mr. Preis filed a motion to reduce alimony pendente lite and child support based upon a change of circumstances, specifically a substantial reduction in income during the first six months of 1991. The trial court found that Mr. Preis had failed to prove a substantial change in circumstances and denied his motion. Mr. Preis appeals.

ASSIGNMENTS OF ERROR NOS. 1 and 2
Preis contends that the trial court erred in finding that he failed to prove a sufficient change of circumstances to warrant a decrease of alimony pendente lite and child support. Additionally, Preis contends that the trial court erred in considering the gross production and income of his law firm in deciding his motion to reduce.
The party seeking to increase or decrease the amount of child support or alimony bears the burden of proving a change of circumstances since the rendition of the prior judgment fixing the amount of support. See Abbott v. Dunlap, 541 So.2d 995 (La.App. 3d Cir.1989), writ denied, 544 So.2d 403 (La.1989); Moncus v. Moncus, 510 So.2d 1271 (La.App. 3d Cir.1987), writ denied, 514 So.2d 462 (La.1987). Preis contends that he is not financially able to pay the alimony pendente lite and child support ordered by the trial judge due to a decrease in his average monthly income from approximately $25,500 per month to approximately $18,500 per month.
In support of his position, Preis entered into evidence a bonus check and stub for $35,000 and six monthly paychecks and stubs for $11,500 each. Each paycheck was for Preis' salary based upon 173.20 hours. His monthly salary and bi-annual bonuses were his only significant sources of income. Although Preis testified that his income has decreased, there is no evidence as to whether it is his salary or his bonuses or both that have decreased since 1989 and 1990.
Preis submitted no evidence as to why his bonuses had decreased, such as a decrease in profits of his employer. Nor did he give any explanation as to why his salary decreased, i.e., due to working less hours or being paid less per hour. He did testify, on cross-examination, that he and another member of the law firm comprised the executive committee and that the two of them set the bonuses and "income" (presumably salaries) for the firm.
Insofar as Preis comprises 50% of the executive committee and is a 50% owner of the stock in the law firm, we do not find that simply stating that his salary and/or bonuses have decreased, without more, is sufficient to prove that he has suffered a reduction in his financial ability to pay his child support and alimony pendente lite.
"[T]he entire financial condition of the husband must be examined" in determining alimony pendente lite. Ryan v. Ryan, 401 So.2d 514, 516 (La.App. 2d Cir.1981). "It has been held that a person cannot avoid his alimony obligation by voluntarily leaving his employment." Moncus v. Moncus, supra, citing Ryan, supra. Likewise, "[o]ne cannot hide behind a corporate entity to avoid paying alimony...." Hamiter v. Hamiter, 419 So.2d 517, 522 (La.App. 2d Cir.1982), writ denied 423 So.2d 1140 (La. 1982); See also Gutierrez v. Gutierrez, 172 So.2d 753 (La.App. 4th Cir.1965).
Corporate finances have routinely been scrutinized in cases involving alimony pendente lite. See Perkins v. Perkins, 487 So.2d 522 (La.App. 4th Cir.1986); Ballard v. Ballard, 367 So.2d 1220 (La.App. 2nd Cir.1979). In this case, the law firm's profits and losses are relevant evidence insofar as the firm's income has an impact on *165 Preis' ability to pay his alimony and child support obligations, vis-a-vis his salary and/or bonuses, regardless of whether he has sole or partial control of the firm. See Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982).
Although he does not have sole control of the corporation, as in Moncus, supra, and Abbott, supra, as a 50% owner and half of the executive committee, his partner may not lower his salary or bonuses without his concurrence. We also note that his monthly salary is based upon the identical amount of hours per month. Therefore, it is clear that this amount is pre-set rather than based on actual hours worked. As such, we find that Preis has a burden to explain why he and his partner have agreed to a decrease in his salary and/or bonuses.
Although the trial court reasoned that the law firm had improved its financial position in the first five months of 1991, this finding was unnecessary for a determination that Preis failed to prove that his financial ability to pay the child support and alimony pendente lite obligations had been reduced. It was Preis' burden to come forward with evidence as to why he and his equal partner and/or the executive committee agreed to reduce his monthly salary and bi-annual bonuses. We will not, without more, presume the reduction was for legitimate business purposes.
Accordingly, we find no error in the trial court's denial of Preis' motion to reduce his child support and alimony pendente lite.

ASSIGNMENT OF ERROR NO. 3
Finally, Preis contends that the trial court erred in not including Elizabeth Preis' alimony pendente lite received from him in her gross income for purposes of determining her child support obligation. For purposes of this rule to reduce, which is the sole matter before this Court, Preis appears to be arguing that Mrs. Preis' receipt of alimony is gross income to her and as such, constitutes a substantial change in circumstances, entitling him to a reduction in child support.
The party seeking modification of an award of alimony or child support must show a change of circumstances from the time of the initial award to the time of the rule to modify. See Nunnally v. Nunnally, 571 So.2d 874 (La.App. 3d Cir.1990). On review, the judgment of the trial court should not be disturbed absent a finding of clear abuse. See Gatte v. Gatte, 524 So.2d 1296 (La.App. 3d Cir.1988).
Mrs. Preis was awarded alimony pendente lite of $3,000 per month and child support in a rule heard on February 4, 1991, and by judgment signed May 3, 1991. We find no error in the trial court's finding that there has been no change in Mrs. Preis' income due to her receipt of alimony since the time of the initial award until the time of Preis' rule to modify filed in June of 1991.[1]

CONCLUSION
Based upon the foregoing, the judgment of the trial court denying Edwin Preis' rule to reduce child support and/or alimony pendente lite is hereby affirmed. Costs of this appeal are to be paid by movant-appellant, Edwin G. Preis, Jr.
AFFIRMED.
NOTES
[1] We also note that the effect of including Mrs. Preis' alimony in her gross income without a corresponding allowable deduction in Mr. Preis' income would result in a combined higher gross income of the parties and increased child support obligation for the three minor children under the statutory scheme.